**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| OWEN SPENDLOVE and JACOB CROSS, individually and as representatives of their classes, | |
| Plaintiffs, | |
| v. | Case No. 3:18-cv-00856 |
| RAPIDCOURT, LLC, | |
| Defendant. | |

**DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFFS' COMPLAINT**

Defendant RAPIDCOURT, LLC ("RapidCourt" or "Defendant"), by and through its attorneys, hereby submits its Answer and Affirmative and Additional Defenses to Plaintiffs' Complaint.

By filing this Answer and Affirmative and Additional Defenses, Defendant does not concede, and instead expressly denies, that it is subject to personal jurisdiction in this Court. Defendant refers Plaintiff and the Court to its Motion to Dismiss and Memorandum of Law in Support, which set forth the reasons why the Complaint should be dismissed for, *inter alia*, lack of personal jurisdiction. (ECF No. 15-16.)

**INTRODUCTION**

**COMPLAINT ¶1:**

This is a consumer class action for damages, costs and attorneys' fees under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") brought against Rapidcourt, LLC, ("Defendant or "Rapidcourt"), a consumer reporting agency that routinely violates the FCRA's basic protections by failing to ensure that the driving and criminal record information it resells in its background checks is reportable under the law, by failing to provide consumers with timely notice when it provides information to others and by failing to appropriately respond to requests for information the FCRA requires it to disclose to consumers.

**ANSWER:**

Defendant admits that Plaintiffs purport to bring this action under the FCRA.  Paragraph 1 of the Complaint otherwise consists entirely of legal conclusions and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statute. Defendant denies the remaining allegations in Paragraph 1 of the Complaint, and specifically denies that it is a "consumer reporting agency" as defined in the FCRA, denies that it violated the FCRA or any other law, and denies that class treatment is appropriate in this action.

**COMPLAINT ¶2:**

Recognizing that the content of employment and other consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

**ANSWER:**

Paragraph 2 of the Complaint consists entirely of legal conclusions and characterizations of Congressional intent, and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statute and denies any allegations in Paragraph 2 that are inconsistent with the cited statute.  Defendant denies any remaining allegations in Paragraph 2.

**COMPLAINT ¶3:**

The FCRA unambiguously forbids reporting any adverse information on consumers, other than convictions of crimes, which predates the report by more than seven years. See 15 U.S.C. § 1681c.

**ANSWER:**

Paragraph 3 of the Complaint consists entirely of legal conclusions, and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statute and denies any allegations in Paragraph 3 that are inconsistent with

the cited statute.  Defendant denies any remaining allegations in Paragraph 3, and specifically denies that it is subject to 15 U.S.C. § 1681c and denies that it violated any section of the FCRA.

## COMPLAINT ¶4:

Plaintiffs seek to hold Defendant accountable for its willful and systemic violations of the FCRA.  Defendant has willfully violated the FCRA by reporting adverse non-conviction information which is more than seven years old.  It also fails to follow reasonable procedures necessary to insure maximum possible accuracy in the reports it sells, and fails to provide consumers timely notice of the fact that it furnished an employment purposed report.  And it does not follow strict procedures designed to ensure that it does not report incomplete or outdated public records.

## ANSWER:

Paragraph 4 of the Complaint consists entirely of legal conclusions, and, therefore, no answer is required.  To the extent an answer is required, Defendant denies the allegations because they are based on the erroneous allegation that Defendant is a consumer reporting agency. Defendant specifically denies that it is a consumer reporting agency.  Defendant denies all remaining allegations in Paragraph 4, and specifically denies that it violated any section of the FCRA.

## COMPLAINT ¶5:

Defendant is a consumer reporting agency that maintains an extensive database of public record information regarding individual consumers.  It sells consumer reports generated from the database and furnishes these consumer reports to other consumer reporting agencies, who, in turn sell that information to employers for use in making decisions, including employment decisions regarding current and potential employees.  Defendant is one of the largest players in this market, commonly referred to as the "wholesale" consumer reporting agency market.

## ANSWER:

Paragraph 5 of the Complaint consists entirely of legal conclusions, and, therefore, no answer is required.  To the extent an answer is required, Defendant denies the allegations in Paragraph 5 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶6:**

In 2017, Defendant reported to another CRA, non-party Checkr, Inc., ("Checkr") that Plaintiff Spendlove was "guilty" of a traffic infraction in Virginia state court (and within the territorial confines of the Eastern District of Virginia) in 2013 for failing to stop before entering a highway.  Checkr is a "Reseller" under the FCRA.

**ANSWER:**

Defendant denies the allegations in the first sentence of Paragraph 6, and specifically

denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

The allegations in the second sentence of Paragraph 6 of the Complaint consist entirely of legal

conclusions, and, therefore, no answer is required.  To the extent an answer is required, Defendant

refers to the contents and language of the cited statute and denies any allegations in the second

sentence of Paragraph 6 that are inconsistent with the cited statute.

**COMPLAINT ¶7:**

In 2016, Defendant inaccurately reported to Checkr that Plaintiff Cross was "guilty" of a traffic infraction in Virginia state court (and within the territorial confines of the Eastern District of Virginia) in 2007.

**ANSWER:**

Defendant denies the allegations in Paragraph 7 of the Complaint.

**COMPLAINT ¶8:**

Such "infractions" are not criminal convictions, but are instead non-criminal in nature.  *See, e.g.*, Va. Code Ann. § 18.2-8.  This means that under the FCRA, which explicitly forbids the reporting of non-convictions older than seven years, the information about Plaintiff Cross could not be lawfully reported.

**ANSWER:**

Paragraph 8 of the Complaint consists entirely of legal conclusions, and, therefore, no

answer is required.  To the extent an answer is required, Defendant refers to the contents and

language of the cited statutes and denies any allegations in Paragraph 8 that are inconsistent with

the cited statutes.  Defendant denies all remaining allegations in Paragraph 8, and specifically

denies that it violated the FCRA or any other law.

## COMPLAINT ¶9:

Checkr, in turn, reported this derogatory information to Plaintiff Cross's potential employer. Because this record was not a criminal conviction, it could not lawfully be reported.

## ANSWER:

Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations in the first sentence of Paragraph 9 of the Complaint. The remaining allegations in

Paragraph 9 consist entirely of legal conclusions, and, therefore, no answer is required.  To the

extent an answer is required, Defendant denies these remaining allegations and specifically denies

that it violated the FCRA or any other law.

## COMPLAINT ¶10:

Defendant failed to provide Plaintiffs Spendlove and Cross timely and lawful notice that it was furnishing an employment purposed consumer report at the time it furnished the report.  Such notice is required under 15 U.S.C. § 1681k(a)(1) because Defendant has elected not to follow the alternative at §1681k(a)(2).

## ANSWER:

Paragraph 10 of the Complaint consists entirely of legal conclusions, and, therefore, no

answer is required.  To the extent an answer is required, Defendant denies the allegations in

Paragraph 10 of the Complaint because they are based on the erroneous allegations that Defendant

is a consumer reporting agency.  Defendant specifically denies that it is a consumer reporting

agency.  Defendant denies all remaining allegations in Paragraph 10, and specifically denies that

it is a subject to 15 U.S.C. § 1681k and denies that violated the FCRA or any other law.

## COMPLAINT ¶11:

In addition to publishing unlawful information about consumers, Defendant also flouts its responsibility to provide consumers with all information in their files on request.  Plaintiff Cross sought his file from Defendant, but received no response to his request.  Accordingly, Plaintiff

Cross also brings claims for failure to properly respond to his request for a copy of his file, in violation of 15 U.S.C. § 1681g.

**ANSWER:**

Defendant denies the allegations in the first sentence of Paragraph 11 of the Complaint. Defendant admits that it did not communicate with Plaintiff Cross, but is without knowledge or information sufficient to answer the remaining allegations in the second sentence of Paragraph 11. Defendant admits that Plaintiff purports to assert a claim under 15 U.S.C. § 1681g. Defendant denies all remaining allegations in Paragraph 11, and specifically denies that it is a consumer reporting agency, denies that it is subject to 15 U.S.C. § 1681g and denies that it violated any section of the FCRA.

<strong>PARTIES AND JURISDICTION</strong>

**COMPLAINT ¶12:**

Plaintiffs Spendlove and Cross are natural persons and "consumers" as protected and governed by the FCRA.

**ANSWER:**

Defendant admits that Plaintiffs are natural persons and consumers, as that phrase is defined in the FCRA. Defendant denies all remaining allegations in Paragraph 12 of the Complaint, and specifically denies that it violated the FCRA or any other law.

**COMPLAINT ¶13:**

Plaintiff Spendlove resides within the territorial confines of the Eastern District of Virginia, Richmond Division.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 13 of the Complaint.

**COMPLAINT ¶14:**

Plaintiff Cross, is a resident of Washington, DC.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of

the allegations in Paragraph 14 of the Complaint.

**COMPLAINT ¶15:**

Defendant is a North Carolina corporation headquartered in Huntersville, North Carolina. It provides consumer reports for employment purposes.  Defendant sells background reports containing, *inter alia*, information about consumers' criminal backgrounds to other CRAs, who in turn sell them to prospective employers.  Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties, including within this District and Division.

**ANSWER:**

Defendant admits that it is a North Carolina limited liability company with its headquarters

and principal place of business in Huntersville, North Carolina.  The remaining allegations of

Paragraph 15 of the Complaint consist entirely of legal conclusions, and, therefore, no answer is

required.  To the extent an answer is required, Defendant denies the remaining allegations in

Paragraph 15 of the Complaint, and specifically denies that it is a consumer reporting agency,

denies that it sells or prepares consumer or background reports, and denies that it is engaged in

business in this District.

**COMPLAINT ¶16:**

The Court has personal jurisdiction over Defendant.  Defendant conducts background checks on individuals in this District and Division, and obtains judicial records from courts and other sources in this District and Division.

**ANSWER:**

Defendant denies the allegations in Paragraph 16 of the Complaint and incorporates by

reference Defendant's Motion to Dismiss and Memorandum of Law in Support.

**COMPLAINT ¶17:**

To assemble these reports, Defendant accesses, stores and reproduces court records and other public record from courts and other government entities in this District.  Defendant has

procured hundreds of thousands, if not millions, of records from Virginia's courts, including courts in this district, and has sold and resold information about thousands, if not tens or hundreds of thousands, of Virginians and people with Virginia infractions, to its clients. Defendant likely obtains these records in a bulk and automated fashion, directly from the Virginia court system.

**ANSWER:**

Defendant denies the allegations in Paragraph 17 of the Complaint, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it is engaged in business in this District.

**COMPLAINT ¶18:**

Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 18 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**COMPLAINT ¶19:**

This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**ANSWER:**

Paragraph 19 of the Complaint consists entirely of legal conclusions, and, therefore, no answer is required. To the extent an answer is required, Defendant admits that the Complaint asserts a federal question, but denies that Plaintiffs have standing such as to confer subject matter jurisdiction. Defendant denies the remaining allegations in Paragraph 19 of the Complaint.

**COMPLAINT ¶20:**

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to the underlying infraction.

**ANSWER:**

Defendant denies the allegations in Paragraph 20 of the Complaint

**STATUTORY BACKGROUND**

**COMPLAINT ¶21:**

The FCRA was enacted to ensure that CRAs report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 21 of the Complaint contains, in

part, the language quoted in Paragraph 21.  Defendant denies any remaining allegations in

Paragraph 21, and specifically denies that it is a consumer reporting agency and denies that it sells

or prepares consumer reports.

**COMPLAINT ¶22:**

Among a number of substantive restrictions on what information may appear in a consumer report, the FCRA prohibits the reporting of arrest and other law enforcement records that predate the report by more than seven years, unless those records are a record of conviction.  Specifically, a CRA may not report:

(2)     Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period.

(5)     Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 22 of the Complaint contains, in part, the language quoted in Paragraph 22. Defendant denies any remaining allegations in Paragraph 22.

**COMPLAINT ¶23:**

The FCRA demands that consumer reporting agencies like Rapid Court use "reasonable procedures to ensure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b).

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 23 of the Complaint contains, in part, the language quoted in Paragraph 23. Defendant denies all remaining allegations in Paragraph 23, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, denies that it is subject to 15 U.S.C. § 1681e(b), and denies that it violated the FCRA or any other law.

**COMPLAINT ¶24:**

Additionally, 15 U.S.C. § 1681k(a) requires CRAs to provide timely and lawful notice that they are furnishing an employment purposed consumer report at the time they did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer-reporting agency to obtain and, as appropriate, correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

**ANSWER:**

Paragraph 24 of the Complaint consists entirely of legal conclusions and characterizations of Congressional intent and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents and language of the cited statute and denies those allegations in Paragraph 24 that are inconsistent with the cited statute. Defendant denies all remaining allegations in Paragraph 24.

**COMPLAINT ¶25:**

Plaintiffs allege that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2).  The alternative would only be applicable if Defendant had in place before any report was furnished strict procedures designed to ensure that it actually contacted the original source of public records information (e.g., the Court clerk or the DMV) before furnishing a report which includes such information to insure that the information it included in its reports was the complete and up to date public record.  A § 1681k(a)(2) option is not available to Defendant because the public records it furnishes to third parties are summaries, indexes or partial records.  It never furnishes the complete and up-to-date public record. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

**ANSWER:**

Paragraph 25 of the Complaint consists entirely of legal conclusions and characterizations of Congressional intent and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statute and denies those allegations in Paragraph 25 that are inconsistent with the cited statute.  Defendant denies all remaining allegations in Paragraph 25 because they are based on the erroneous allegations that Defendant is a consumer reporting agency.  Defendant specifically denies that it is a consumer reporting agency, denies that it ever prepared any consumer reports on Plaintiffs, and denies that it is subject to 15 U.S.C. § 1681k.  Defendant denies all remaining allegations in Paragraph 25.

**COMPLAINT ¶26:**

Finally, 15 U.S.C. § 1681g requires CRAs to, upon request, provide consumers with copies of their files.  Defendant violates this section by never responding to requests made pursuant to 15 U.S.C. § 1681g.

**ANSWER:**

Paragraph 26 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statute and denies any allegations in Paragraph 26 that are inconsistent with the cited statute.  Defendant denies the remaining allegations in Paragraph 26, and specifically denies that it is a consumer reporting agency and denies that it is subject to 15 U.S.C. § 1681g.

**COMPLAINT ¶27:**

The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 27 of the Complaint contains, in part, the language quoted in Paragraph 27.  Defendant denies any remaining allegations in Paragraph 27, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶28:**

In turn, the FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for...employment purposes." 15 U.S.C. § 1681a(d).

**ANSWER:**

Defendant admits only that the statute cited in Paragraph 28 of the Complaint contains, in part, the language quoted in Paragraph 28.  Defendant denies any remaining allegations in Paragraph 28, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶29:**

Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the interne, in providing these reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 29 of the Complaint.

**COMPLAINT ¶30:**

It is not simply the final report provided by a consumer reporting agency to a potential employer that is subject to the FCRA.  The reports provided by Defendant to other consumer reporting agencies are themselves consumer reports, and Defendant is therefore subject to all of the provisions of the FCRA, including the provisions at issue in this case.  *Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F. Supp. 2d 1049, 1059 (S.D. Ohio 2002); see FTC Advisory Opinion to LeBlanc, http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leblanc-06-09-98.

**ANSWER:**

The first sentence in Paragraph 30 of the Complaint consists entirely of legal conclusions and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in the first sentence of Paragraph 30 that are inconsistent with the contents of the cited statute.  Defendant denies all remaining allegations in Paragraph 30, and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA or any other law.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS

**COMPLAINT ¶31:**

In January 2017, Plaintiff Spendlove applied for a job as a driver with non-party Uber Technologies Inc. ("Uber").

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 31 of the Complaint.

**COMPLAINT ¶32:**

That same month, on information and belief, Defendant prepared a report on Plaintiff Spendlove, and provided it to Checkr for a fee.

**ANSWER:**

Defendant denies the allegations in Paragraph 32 of the Complaint.

**COMPLAINT ¶33:**

The consumer report included a 2013 infraction from Nottoway General District Court, Virginia for failure to stop before entering a highway.

**ANSWER:**

Defendant denies the allegations in Paragraph 33 of the Complaint.

**COMPLAINT ¶34:**

Plaintiff Spendlove never received a letter or any other communication from Defendant "at the time" his report was furnished to Checkr.

**ANSWER:**

Defendant admits that it did not send Plaintiff Spendlove a communication, but Defendant denies that it had any obligation to do so.  Defendant denies any remaining allegations in Paragraph 34 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it prepared any consumer report on Plaintiff Spendlove.

**COMPLAINT ¶35:**

In November 2018, Plaintiff Spendlove discovered that Defendant prepared a report about him and provided it to Checkr.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations regarding an alleged discovery by Plaintiff or as to Plaintiff's interactions with any third parties.  Defendant denies all remaining allegations in Paragraph 35 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it prepared a consumer report on Plaintiff Spendlove

**COMPLAINT ¶36:**

In March, 2016, Plaintiff Cross applied for a job as a driver with non-party Uber.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 36.

**COMPLAINT ¶37:**

In that same month, Defendant prepared a report on Plaintiff Cross, and provided it to Checkr for a fee. The report Defendant produced to Checkr is attached hereto as Exhibit A. Checkr, in turn, reported the infraction to Uber. Ex. B.

**ANSWER:**

Defendant denies the allegations in the first two sentences of Paragraph 37 of the Complaint because they are based on the erroneous allegations that Defendant prepared a consumer report on Plaintiff Cross. Defendant specifically denies that it is a consumer reporting agency and denies that it prepared any report on Plaintiff Cross. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 37.

**COMPLAINT ¶38:**

That consumer report included a 2007 infraction from Loudoun County, Virginia for speeding. *Id.* The report correctly identified the matter as an "infraction."

**ANSWER:**

Defendant denies the allegations in Paragraph 38 of the Complaint and specifically denies that it is a consumer reporting agency and denies that it prepared any consumer report on Plaintiff Cross.

**COMPLAINT ¶39:**

Plaintiff Cross never received a letter or any other communication from Defendant "at the time" his report was furnished to Checkr.

**ANSWER:**

Defendant admits that it did not send Plaintiff Cross a communication, but Defendant denies that it had any obligation to do so.  Defendant denies any remaining allegations in Paragraph 39 of the Complaint, and specifically denies that it is a consumer reporting agency and denies that it ever prepared any consumer report on Plaintiff Cross.

**COMPLAINT ¶40:**

In Virginia, traffic infractions are non-criminal.  Va. Code Ann. § 18.2-8 ("Traffic infractions are violations of public order as defined in § 46.2-100 and not deemed to be criminal in nature.") Because traffic infractions are not criminal convictions, they cannot be reported more than seven years after the fact.  By reporting the outdated non-criminal infraction on its report, Defendant violated § 1681c.

**ANSWER:**

The first and second sentences of Paragraph 40 of the Complaint consist entirely of legal conclusions and purported quotations from statutes and, therefore, no answer is required.  To the extent an answer is required, Defendant refers to the contents and language of the cited statutes and denies any allegations in the first or second sentences of Paragraph 40 that are inconsistent with the cited statutes.  Defendant denies the allegations in the third sentence of Paragraph 40, and specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiff Cross, and denies that it is subject to 15 U.S.C. § 1681c.

**COMPLAINT ¶41:**

In September 2018, Plaintiff Cross requested a copy of his full file from Defendant by US Mail and by email. Ex. C and D.  Plaintiff Cross is entitled to a copy of his file pursuant to § 1681g.  Defendant did not respond to Plaintiff Cross's request.  By failing to comply with Plaintiff Cross's request, Defendant violated 1681g.

**ANSWER:**

In response to the first sentence of Paragraph 41 of the Complaint, Defendant refers to the contents of the referenced documents and denies any allegation in the first sentence of Paragraph

41 that is inconsistent with the referenced documents.   Defendant admits that it did not

communicate with Plaintiff Cross in response to any purported request from Plaintiff Cross.   In

further response, to the extent Plaintiff Cross made such a request, Defendant denies that it had

any obligation to provide a response.   Defendant is not a consumer reporting agency and is not

subject to 15 U.S.C. § 1681g.   Defendant denies the remaining allegations in Paragraph 41.

## COMPLAINT ¶42:

It was not until Plaintiff Cross received a response from a 1681g request directed to Checkr
in September 2018 that Plaintiff Cross learned that Defendant had reported outdated information
about him in violation of 1681c.   In fact, it was not until September 2018 that Plaintiff Cross
learned that Defendant had produced a report on him of any kind.

## ANSWER:

Defendant denies the allegations in Paragraph 42 of the Complaint, and specifically denies

that it is a consumer reporting agency and denies that it is subject to the FCRA claims asserted in

the Complaint.

## COMPLAINT ¶43:

In addition to the conduct set forth above, Defendant's willful conduct is further reflected
by, *inter alia*, the following:

   a.   Defendant takes no action to determine if the records older than seven years
        it reports are criminal convictions or not.   This failure is unreasonable and
        willful.

   b.   Defendant takes no action upon receiving requests for full files pursuant to
        1681g.   This failure is both unreasonable and willful.

   c.   The FCRA was enacted in 1970; Defendant has had 46 years to become
        compliant;

   d.   Defendant is a corporation with access to legal advice through its own
        general counsel's office and/or outside litigation counsel.   Yet, there is no
        contemporaneous evidence that it determined that its conduct was lawful;

   e.   Defendant knew or had reason to know that its conduct was inconsistent
        with FTC guidance, case law, and the plain language of the FCRA;

      f.      Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

      g.      Defendant's violations of the FCRA were repeated and systematic.

**ANSWER:**

Defendant denies the allegations in Paragraph 43 of the Complaint.

**COMPLAINT ¶44:**

At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

**ANSWER:**

Defendant denies the allegations in Paragraph 44 of the Complaint.

## CLASS ACTION ALLEGATIONS

**COMPLAINT ¶45:**

Plaintiff Cross brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the National 1681c Class, defined as:

All natural persons upon whom Defendant produced a report which included an adverse public record more than seven years old, which was not a criminal convictions, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

**ANSWER:**

Defendant admits that Plaintiff Cross purports to assert Count I on behalf of the purported

class identified in Paragraph 45 of the Complaint. Defendant denies all remaining allegations in

Paragraph 45, and specifically denies that class treatment is appropriate in this action, denies that

it is a consumer reporting agency, denies that it prepares consumer reports, and denies that it violated the FCRA or any other law.

## COMPLAINT ¶46:

Plaintiff Cross also brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Virginia 1681c Sub-Class, defined as:

> All natural persons upon whom Defendant produced a report which included a traffic infraction from Virginia more than seven years old, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

## ANSWER:

Defendant admits that Plaintiff Cross purports to assert Count I on behalf of the purported class identified in Paragraph 46 of the Complaint. Defendant denies all remaining allegations in Paragraph 46, and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares consumer reports, and denies that it violated the FCRA or any other law.

## COMPLAINT ¶47:

Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681k Class, defined as:

> All natural persons residing in the United States (a) who were the subject of a report sold by Defendant; (b) where Defendant's records indicate that the report was furnished for an employment purpose; (c) where Defendant's database showed that the report contained at least one adverse criminal or traffic record hit; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

## ANSWER:

Defendant admits that Plaintiffs purport to assert Count II on behalf of the purported class identified in Paragraph 47 of the Complaint. Defendant denies all remaining allegations in

Paragraph 47, and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares consumer reports, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶48:**

Plaintiff Cross brings Count III as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681g Class, defined as:

All natural persons upon who requested a copy of their consumer file from Defendant at any time from the date two years prior to the filing of this Complaint and continuing through the resolution of this case.

**ANSWER:**

Defendant admits that Plaintiff Cross purports to assert Count III on behalf of the purported class identified in Paragraph 48 of the Complaint. Defendant denies all remaining allegations in Paragraph 48, and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶49:**

Class certification is appropriate under Fed. R. Civ. P. 23(a).

**ANSWER:**

Defendant denies the allegations in Paragraph 49 of the Complaint.

**COMPLAINT ¶50:**

Numerosity: The classes are so numerous that joinder of all class members is impractical. Given the volume of Defendant's business, there are hundreds or thousands of class members.

**ANSWER:**

Defendant denies the allegations in Paragraph 50 of the Complaint and further states that class treatment is not appropriate in this action, that it is not a consumer reporting agency, and that it does not sell or prepare consumer reports.

**COMPLAINT ¶51:**

Typicality: Plaintiffs' claims are typical of the members of the classes. It is typical for Defendant to produce consumer reports which include non-criminal information over seven years old. It is also Defendant's policy to not send 1681k notices or respond to 1681g requests. The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members, and Defendant treated Plaintiffs consistently with other class members in accordance with its standard policies and practices.

**ANSWER:**

Defendant denies the allegations in Paragraph 51 of the Complaint and further states that

class treatment is not appropriate in this action, that it is not a consumer reporting agency, that it

does not sell or prepare consumer reports and that it did not violate the FCRA in any way.

**COMPLAINT ¶52:**

Adequacy: Plaintiffs will fairly and adequately protect the interests of the classes because they and their experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class.

**ANSWER:**

Defendant denies the allegations in Paragraph 52 of the Complaint and further states that

class treatment is not appropriate in this action.

**COMPLAINT ¶53:**

Commonality: This case presents common questions of law and fact, including but not limited to:

a. Whether Defendant willfully violated the FCRA by reporting out of date records in violation of §1681c(a),

b. Whether Defendant willfully violated the FCRA by failing to send timely and lawful notices in violation of § 1681k(a)(1).

c. Whether Defendant willfully violated the FCRA by failing to provide full copies of consumers' files upon request pursuant to §1681g,

d. Whether Defendant's violations of the FCRA were willful; and

e. The proper measure of damages.

**ANSWER:**

Defendant denies the allegations in Paragraph 53 of the Complaint and further states that

class treatment is not appropriate in this action, that Defendant is not a consumer reporting agency,

that it does not sell or prepare consumer reports, and that it did not violate the FCRA in any way.

**COMPLAINT ¶54:**

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because, inter alia, questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

**ANSWER:**

Defendant denies the allegations in Paragraph 54 of the Complaint and further states that

class treatment is not appropriate in this action, that Defendant is not a consumer reporting agency,

that it does not sell or prepare consumer reports and that it did not violate the FCRA in any way.

**COMPLAINT ¶55:**

In view of the complexities of the issues and the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions.

**ANSWER:**

Defendant denies the allegations in Paragraph 55 of the Complaint and further states that

class treatment is not appropriate in this action.

**COMPLAINT ¶56:**

Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and

the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

**ANSWER:**

Defendant denies the allegations in Paragraph 56 of the Complaint and further states that class treatment is not appropriate in this action.

**COMPLAINT ¶57:**

Plaintiffs intend to send notice to all members of the classes to the extent required by Rule 23(c)(2).  The names and addresses of the class members are available from Defendant's records.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 57 of the Complaint.  Defendant denies the remaining allegations in Paragraph 57 and further states that class treatment is not appropriate in this action.

**COUNT I**
**15 U.S.C. § 1681c(a)**
***Inclusion of Obsolete Information***
***On Behalf of Plaintiff Cross, the National 1681c Class, and the Virginia 1681c Sub-Class***

**COMPLAINT ¶58:**

Defendant failed to comply with 15 U.S.C. § 1681c when it reported adverse information as to Plaintiff Cross and each 1681c Class member, which was older than seven years and which was not a criminal conviction.

**ANSWER:**

Defendant denies the allegations in Paragraph 58 of the Complaint.  Defendant specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiff Cross, denies that it is subject to the FCRA claims asserted in the Complaint, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶59:**

Plaintiff Cross' claim is timely because it is brought within two years of the date of discovery of the violation. 15 U.S.C. § 1681p(1).  Plaintiff Cross was unaware of Defendant's violation until September of 2018.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to Plaintiff

Cross's knowledge.  Defendant denies the remaining allegations in Paragraph 59, and specifically

denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiff

Cross, denies that it is subject to the FCRA claims asserted in the Complaint, and denies that it

violated the FCRA or any other law.

**COMPLAINT ¶60:**

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 60 of the Complaint.

**COMPLAINT ¶61:**

As a result of Defendant's conduct, Plaintiff Cross and the putative classes have suffered particularized and concrete injuries, including injury to their privacy interests, damage to their reputations by the inclusion of derogatory information which is prohibited from inclusion by the FORA, and harm or risk of harm to their employment prospects.  *See Hawkins v. S2 Verify*, Case No. 15-03502, 2016 WL 3999458 *9 (N.D. Cal. 2016); *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 521 (S.D.N.Y. 2017).

**ANSWER:**

Defendant denies the allegations in Paragraph 61 of the Complaint.

**COMPLAINT ¶62:**

Plaintiff Cross and other members of the 1681c Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 62 of the Complaint.

**COMPLAINT ¶63:**

As a result of these FCRA violations, Defendant is liable to Plaintiff and to each 1681c Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 63 of the Complaint.

**COUNT II**
**15 U.S.C. § 1681k(a)**
***Failure to Provide 1681k(a)(1) Notice or Follow Strict Procedures***
***On Behalf of Plaintiffs Spendlove and Cross and the 1681k Class***

**COMPLAINT ¶64:**

Defendant failed to send the required § 1681k(a)(1) notice to Plaintiffs Spendlove and Cross and each member of the 1681k Class at the time that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 64 and specifically denies that it prepares

consumer reports, denies that it prepared a consumer report on Plaintiffs Cross or Spendlove,

denies that it is subject to the FCRA claims asserted in the Complaint, and denies that it violated

the FCRA or any other law.

**COMPLAINT ¶65:**

Plaintiff Spendlove was unaware of Defendant's violation until October of 2018. Plaintiff Cross was unaware of Defendant's violation until September of 2018.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to Plaintiff

Spendlove's knowledge.   Defendant denies the remaining allegations in Paragraph 65 of the

Complaint, and specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiffs, denies that it is subject to the FCRA claims asserted in the Complaint, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶66:**

Similarly, Defendant does not ever maintain strict procedures designed to ensure that they only furnish complete and up-to-date public records.  In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

**ANSWER:**

Defendant denies the allegations in Paragraph 66 because they are based on the erroneous allegations that Defendant is a consumer reporting agency subject to 15 U.S.C. § 1681k. Defendant specifically denies that it is a consumer reporting agency, denies that it prepares consumer reports, denies that it is subject to the FCRA claims in this case, and denies that it violated the FCRA or any other law.

**COMPLAINT ¶67:**

Defendant's failure to timely provide the required FCRA notices to Plaintiffs and the putative 1681k Class members violated 15 U.S.C. § 1681k(a)(1).

**ANSWER:**

Defendant denies the allegations in Paragraph 67 of the Complaint.

**COMPLAINT ¶68:**

Defendant's failure to maintain strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiffs and the putative class members violated 15 U.S.C. § 1681k(a)(2).

**ANSWER:**

Defendant denies the allegations in Paragraph 68 of the Complaint.

**COMPLAINT ¶69:**

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 69 of the Complaint.

**COMPLAINT ¶70:**

As a result of Defendant's conduct, Plaintiffs and the putative classes have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled. Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parties with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, and (4) it is potential determinative information in extremely important interactions — applications for employment or credit.

**ANSWER:**

Defendant denies the allegations in Paragraph 70 of the Complaint.

**COMPLAINT ¶71:**

Having been denied this important information, Plaintiffs and the putative class were harmed because they did not know what information was circulated about them and by whom and were subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiffs were at increased risk to be denied employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 71 of the Complaint.

**COMPLAINT ¶72:**

Plaintiffs and other members of the 1681k Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 72 of the Complaint.

**COMPLAINT ¶73:**

As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n( )(1)(A), plus punitive damages pursuant to 15 U.S.C. § 168 ln(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 73 of the Complaint.

**COUNT III**
**15 U.S.C. § 1681g**
***Failure to Provide File Disclosures***
***On Behalf of Plaintiff Cross and the 1681g Class***

**COMPLAINT ¶74:**

Plaintiff Cross and each member of the 1681g Class requested a copy of their consumer file from Defendant.

**ANSWER:**

Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiff Cross and/or other individuals requested copies of their purported consumer files. Defendant denies that it had any obligation to respond to such requests to the extent they were made. Defendant denies the remaining allegations in Paragraph 74 of the Complaint because, *inter alia*, they are based on the erroneous allegations that Defendant maintains consumer files on individuals and that Defendant is subject to 15 U.S.C. § 1681g. Defendant specifically denies that it is a consumer reporting agency and denies that it is subject to the FCRA claims asserted in the Complaint.

**COMPLAINT ¶75:**

Defendant failed to produce the information it possessed regarding Plaintiff Cross and each other member of the 1681g Class, despite each consumer's valid request for a copy of their file pursuant to §1681g(a). It also failed to provide Plaintiff Cross and each other member of the 1681g Class notice of their rights under the FCRA, as required by §1681g(c)(2).

**ANSWER:**

Defendant denies the allegations in Paragraph 75 of the Complaint.

**COMPLAINT ¶76:**

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 76 of the Complaint.

**COMPLAINT ¶77:**

As a result of Defendant's conduct, Plaintiff and the putative classes have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled.  Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parties with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, (4) it is potential determinative 'information in extremely important interactions — applications for employment or credit, and (5) it should include a notice of their substantive rights under applicable federal law.

**ANSWER:**

Defendant denies the allegations in Paragraph 77 of the Complaint.

**COMPLAINT ¶78:**

Having been denied this important information, Plaintiff and the putative class were harmed because they did not know what information was circulated about them and were subsequently denied an opportunity to correct inaccurate or obsolete information.  As a result, Plaintiffs were at increased risk to be denied employment.

**ANSWER:**

Defendant denies the allegations in Paragraph 78 of the Complaint.

**COMPLAINT ¶79:**

Plaintiff and other members of the Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 79 of the Complaint.

**COMPLAINT ¶80:**

As a result of these FCRA violations, Defendant is liable to Plaintiff and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys' fees and costs pursuant to § 1681n.

**ANSWER:**

Defendant denies the allegations in Paragraph 80 of the Complaint.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs or any putative class member is entitled to any of the relief requested in the Complaint.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

## FIRST DEFENSE

Plaintiffs' claims against Defendant must be dismissed because this Court lacks personal jurisdiction over Defendant, as stated in Defendant's Motion to Dismiss and Memorandum of Law in Support.

## SECOND DEFENSE

Plaintiffs' claims against Defendant must be dismissed because this Court is not the proper venue for Plaintiffs' claims against Defendant as stated in Defendant's Motion to Dismiss and Memorandum of Law in Support.

## THIRD DEFENSE

Plaintiffs' claims against Defendant must be dismissed because they fail to state a viable cause of action against Defendant.

## FOURTH DEFENSE

Plaintiffs' claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside of the applicable statutes of limitations.

## FIFTH DEFENSE

To the extent that Plaintiffs and/or putative class members have failed to mitigate their alleged damages, Plaintiffs and/or the putative class members' claims for relief are barred.

## SIXTH DEFENSE

To the extent Plaintiffs' purported class includes individuals who suffered no concrete harm, such individuals lack standing to bring suit against Defendant.

## SEVENTH DEFENSE

Any damages sustained by Plaintiffs and/or putative class members were not proximately caused by Defendant.

## EIGHTH DEFENSE

Plaintiffs and/or putative class members are not entitled to punitive or statutory damages because Defendant did not engage in willful or knowing violation of any law and Plaintiffs cannot otherwise meet the requirements of 15 U.S.C. § 1681n to recover statutory or punitive damages.

## NINTH DEFENSE

Defendant is not a "consumer reporting agency" as defined under the law.

## TENTH DEFENSE

Defendant does not sell or prepare "consumer reports" as defined under the law.

## ELEVENTH DEFENSE

Defendant does not maintain consumer "files" on individuals as defined under the law.

**TWELFTH DEFENSE**

Plaintiffs cannot recover from Defendant in a class action to the extent such class recovery would deprive Defendant of its due process rights to assert individualized defenses to claims of class members.  Plaintiffs cannot recover from Defendant individually or as a class action for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

**THIRTEENTH DEFENSE**

To the extent one or more Plaintiffs or putative class members have waived, released and received payment and satisfaction for their claims, such Plaintiffs' and/or putative class members' claims are barred.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice Plaintiffs' Complaint in its entirety for the reasons stated herein and for those contained in Defendant's Motion to Dismiss and Memorandum of Law in Support and that the Court award Defendant any such relief as the Court deems just and proper which may include but not be limited to Defendant's costs and expense incurred herein.

Dated:  February 26, 2019

Respectfully submitted,

RAPIDCOURT, LLC

By: /s/ Esther Slater McDonald
Esther Slater McDonald, VSB No. 65723
SEYFARTH SHAW LLP
1075 Peachtree Street, N.E., Suite 2500
Atlanta, Georgia 30309-3958
Telephone: (404) 885-1500
Facsimile: (404) 892-7056
emcdonald@seyfarth.com

Pamela Q. Devata*
John W. Drury*
SEYFARTH SHAW LLP
233 S. Wacker Dr., Suite 8000
Chicago, IL 60606-6448
Telephone: (312) 460-5000
Facsimile: (312) 460-7000
pdevata@seyfarth.com
jdrury@seyfarth.com

Attorneys for Defendant
* *Pro hac vice* application to be filed

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| OWEN SPENDLOVE and JACOB CROSS, individually and as representatives of their classes, <br><br> Plaintiffs, <br><br> v. <br><br> RAPIDCOURT, LLC, <br><br> Defendant. | Case No. 3:18-cv-00856 |

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on February 26, 2019, I electronically filed **Defendant's Answer and Affirmative and Additional Defenses to Plaintiffs' Complaint** with the Clerk of the Court using the CM/ECF system, which will automatically send e-mail notification of such filing to all counsel of record.

By: <u>/s/ Esther Slater McDonald            </u>
Esther Slater McDonald