**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | | |
|---|---|---|
| OWEN SPENDLOVE and JACOB CROSS, | : | |
| *individually and as representatives of the class,* | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Civil Action No. 3:18-cv-00856-REP |
| | : | |
| RAPIDCOURT, LLC, | : | |
| | : | |
| Defendant. | : | |

**SECOND AMENDED CLASS ACTION COMPLAINT**

COMES NOW, Plaintiffs Owen Spendlove and Jacob Cross ("Plaintiffs"), on behalf of themselves and the classes set forth below and states as follows:

**INTRODUCTION**

1.      This is a consumer class action for damages, costs and attorneys' fees under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq*. ("FCRA") brought against Rapidcourt, LLC, ("Defendant" or "Rapidcourt"), a consumer reporting agency that routinely violates the FCRA's basic protections by failing to ensure that the driving and criminal record information it resells in its background checks is reportable under the law, by failing to provide consumers with timely notice when it provides information to others and by failing to appropriately respond to requests for information the FCRA requires it to disclose to consumers.

2.      Recognizing that the content of employment and other consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

3.      The FCRA unambiguously forbids reporting any adverse information on

consumers, other than *convictions* of crimes, which predates the report by more than seven years. *See* 15 U.S.C. § 1681c.

4.      Plaintiffs seek to hold Defendant accountable for its willful and systemic violations of the FCRA.  Defendant has willfully violated the FCRA by reporting adverse non-conviction information which is more than seven years old. It also fails to follow reasonable procedures necessary to insure maximum possible accuracy in the reports it sells, and fails to provide consumers timely notice of the fact that it furnished an employment purposed report.   And it does not follow strict procedures designed to ensure that it does not report incomplete or outdated public records.

5.      Defendant is a consumer reporting agency that maintains an extensive database of public record information regarding individual consumers. It sells consumer reports generated from the database and furnishes these consumer reports to other consumer reporting agencies, who, in turn sell that information to employers for use in making decisions, including employment decisions regarding current and potential employees.  Defendant is one of the largest players in this market, commonly referred to as the "wholesale" consumer reporting agency market.

6.      When this case was first filed, Plaintiffs knew that and herein allege that in 2017, Defendant reported to another CRA, non-party Checkr, Inc., ("Checkr") that Plaintiff Spendlove was "guilty" of a traffic infraction in Virginia state court (and within the territorial confines of the Eastern District of Virginia) in 2013 for failing to stop before entering a highway. Checkr is a "Reseller" under the FCRA.

7.      And the Plaintiffs knew on filing and herein allege that in 2016, Defendant inaccurately reported to Checkr that Plaintiff Cross was "guilty" of a traffic infraction in Virginia

state court (and within the territorial confines of the Eastern District of Virginia) in 2007.

8.     Such "infractions" are not criminal convictions, but are instead non-criminal in nature. *See, e.g.*, Va. Code Ann. § 18.2-8.  This means that under the FCRA, which explicitly forbids the reporting of non-convictions older than seven years, the information about Plaintiff Cross could not be lawfully reported.

9.     Checkr, in turn, reported this derogatory information to Plaintiff Cross's potential employer.  Because this record was not a criminal conviction, it could not lawfully be reported.

10.     After filing, Plaintiffs have accomplished written discovery and have learned for the first time that Defendant had also served numerous other consumer reports about each Plaintiff, each in violation of the FCRA.

11.     In each instance, Defendant failed to provide Plaintiffs Spendlove and Cross timely and lawful notice that it was furnishing an employment purposed consumer report at the time it furnished the reports about Spendlove and Cross. Such notice is required under 15 U.S.C. § 1681k(a)(1) because Defendant has elected not to follow the alternative at § 1681k(a)(2).

12.     In addition to publishing unlawful information about consumers, Defendant also flouts its responsibility to provide consumers with all information in their files on request. Plaintiffs Spendlove and Cross each sought his file from Defendant, but received no response to his request. Accordingly, Plaintiffs Spendlove and Cross also bring claims for failure to properly respond to their requests for a copy of their file, in violation of 15 U.S.C. § 1681g.

## PARTIES AND JURISDICTION

13.     Plaintiffs Spendlove and Cross are natural persons and "consumers" as protected and governed by the FCRA.

3

14.     Plaintiff Spendlove resided within the territorial confines of the Eastern District of Virginia, Richmond Division when the events alleged in this lawsuit occurred and at the time of the filing of the Complaint.

15.     Plaintiff Cross is a resident of Washington, DC.

16.     Defendant is a North Carolina corporation headquartered in Huntersville, North Carolina. It provides consumer reports for employment purposes. Defendant sells background reports containing, *inter alia*, information about consumers' criminal backgrounds to other CRAs, who in turn sell them to prospective employers.  Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a.  Defendant is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties, including within this District and Division.

17.     The Court has personal jurisdiction over Defendant. Defendant regularly does business with consumer reporting agencies and other customers located in Virginia. Specifically, one of Defendant's major customers is Wholesale Screening Solutions, LLC ("WSS"), a Virginia limited liability company with its principal office located in Purcellville, Virginia, within this District and Division. Defendant sold two reports about Plaintiff Spendlove to Wholesale Screening Solutions, LLC on April 25, 2016 and August 4, 2017.

18.     In its business operation related to the claims alleged herein, Defendant telephoned, emailed and even physically visited WSS at its Virginia headquarters.

19.      In its business operations related to the claims alleged herein, Defendant emailed monthly bills to WSS at its Virginia headquarters, and received payments mailed from that location to be paid from a bank account housed in Virginia.

4

20.     Defendant also conducts background checks on individuals located in this District and Division.

21.     To assemble these reports, Defendant accesses, stores and reproduces court records and other public record from courts and other government entities in this District and Division. Defendant has procured hundreds of thousands, if not millions, of records from Virginia's courts, including courts in this district, and has sold and resold information about thousands, if not tens or hundreds of thousands, of Virginians and people with Virginia infractions, to its clients. Defendant obtains these records in a bulk and automated fashion, directly from the Virginia court system.

22.     The Defendant "web-scrapes" the Virginia Supreme Court's website in order to collect Virginia public record information and add the data to its database to sell to its customers. Even though the Virginia Supreme Court has adopted a "CAPTCHA" protection system to prevent automated use of its website for this purpose, the Defendant has devised a two-step method to circumvent the CAPTCHA, which includes using an IP Proxy service to mask its IP address from being detected and blocked by the Virginia Supreme Court's website and then using a third-party service to enter the CAPTCHA code when the Defendant attempts to enter the Virginia Supreme Court website in order to complete the web-scrape. Upon information a belief, a significant percentage of one of Defendant's products, its direct-to-source technology service, accesses information from a source of public record information within Virginia.

23.     In addition, upon information and belief, this product has resulted in the transmission of millions of Virginia public record entries being published about consumers to Defendant's customers.  In fact, roughly 8% of its direct-to-source services relate to Virginia records.

5

24.     Defendant has directed marketing material to Virginia customers and potential customers.

25.     For at least the last three years Defendant has actively participated in, paid to advertise in and attended background screening conferences in Virginia and this District.

26.     Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

27.     This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

28.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to the underlying infraction.

## STATUTORY BACKGROUND

29.     The FCRA was enacted to ensure that CRAs report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

30.     Among a number of substantive restrictions on what information may appear in a consumer report, the FCRA prohibits the reporting of arrest and other law enforcement records

that predate the report by more than seven years, unless those records are a record of conviction.

Specifically, a CRA may not report:

> (2)     Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period…
>
> (5)     Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

31.     The FCRA demands that consumer reporting agencies like Rapid Court use "reasonable procedures to ensure maximum possible accuracy" of the information they report. 15 U.S.C. § 1681e(b).

32.     Additionally, 15 U.S.C. § 1681k(a) requires CRAs to provide timely and lawful notice that they are furnishing an employment purposed consumer report at the time they did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer-reporting agency to obtain and, as appropriate, correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

33.     Plaintiffs allege that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2). The alternative would only be applicable if Defendant had in place before any report was furnished strict procedures designed to ensure that it actually contacted the original source of public records information (*e.g.*, the Court clerk or the DMV) before furnishing a report which includes such information to insure that the information it included in its reports was the complete and up to date public record.  A § 1681k(a)(2) option is

7

not available to Defendant because the public records it furnishes to third parties are summaries, indexes or partial records. It never furnishes the complete and up-to-date public record. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

34.     Finally, 15 U.S.C. § 1681g requires CRAs to, upon request, provide consumers with copies of their files. Defendant violates this section by never responding to requests made pursuant to 15 U.S.C. § 1681g.

### DEFENDANT IS A CONSUMER REPORTING AGENCY

35.     The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

36.     In turn, the FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for…employment purposes." 15 U.S.C. § 1681a(d)

37.     Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which

8

it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

38.    It is not simply the final report provided by a consumer reporting agency to a potential employer that is subject to the FCRA.  The reports provided by Defendant to other consumer reporting agencies are themselves consumer reports, and Defendant is therefore subject to all of the provisions of the FCRA, including the provisions at issue in this case.  *Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F. Supp. 2d 1049, 1059 (S.D. Ohio 2002); see FTC Advisory Opinion to LeBlanc, http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leblanc-06-09-98.

## FACTUAL ALLEGATIONS RELATING TO PLAINTIFFS

39.    In January 2017, Plaintiff Spendlove applied for a job as a driver with non-party Uber Technologies Inc. ("Uber").

40.    That same month, on information and belief, Defendant prepared a report on Plaintiff Spendlove, and provided it to Checkr for a fee.

41.    The consumer report included a 2013 infraction from Nottoway General District Court, Virginia for failure to stop before entering a highway.

42.    Plaintiff Spendlove never received a letter or any other communication from Defendant "at the time" his report was furnished to Checkr.

43.    In November 2018, Plaintiff Spendlove discovered that Defendant prepared a report about him and provided it to Checkr.

44.    In addition to reporting the information above to Checkr, on information and belief,

9

Defendant also reported derogatory information about Mr. Spendlove to other FCRA reseller customers as follows:

| Date | CRA | Product |
|------|-----|---------|
| 1/18/2017 | Checkr, Inc. | RCX VA Criminal Name |
| 1/18/2017 | Checkr, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX VA Criminal Name |
| 12/16/2016 | Applicant Insight, Inc. | RCX FS Criminal |
| 8/27/2018 | Applicant Insight, Inc. | RCX FS Criminal |
| 12/16/2016 | Applicant Insight, Inc. | RCX VA Criminal Name |
| 8/27/2018 | Applicant Insight, Inc. | RCX VA Criminal Name |
| 1/1/2015 | HireRight, LLC | RCX NC Criminal |
| 2/29/2016 | Sterling InfoSystems, Inc. | RCS NC Criminal |
| 3/1/2016 | Sterling InfoSystems, Inc. | VA Criminal Name |
| 2/29/2016 | Sterling InfoSystems, Inc. | RCX VA Criminal Name |
| 2/29/2016 | Sterling InfoSystems, Inc. | RCX VA Criminal Name |
| 2/29/2016 | Sterling InfoSystems, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX VA Criminal Name |
| 6/22/2019 | Checkr, Inc. | RCX NC Criminal |

| 4/25/2016 | Wholesale Screening Solutions | RCX VA Criminal Name |
|---|---|---|
| 8/4/2017 | Wholesale Screening Solutions | RCX NC Criminal |

45.     On information and belief, at least one of these reports included an entry stating that Plaintiff Spendlove was convicted of felony manslaughter in Virginia's Brunswick County Circuit Court. That information was inaccurate, as court records show that Plaintiff Spendlove was convicted of a misdemeanor offense, reckless driving.

46.     Plaintiff Spendlove was unaware that Defendant provided his consumer report to these entities until Defendant produced the information in discovery in this matter.

47.     In March 2016, Plaintiff Cross applied for a job as a driver with non-party Uber.

48.     In that same month, Defendant prepared a report on Plaintiff Cross, and provided it to Checkr for a fee.  The report Defendant produced to Checkr is attached hereto as Exhibit A. Checkr, in turn, reported the infraction to Uber.  Ex. B.

49.     That consumer report included a 2007 infraction from Loudoun County, Virginia for speeding.  *Id.*  The report correctly identified the matter as an "infraction."

50.     Neither Spendlove or Cross received a letter or any other communication from Defendant "at the time" these reports were furnished to Checkr and Sterling InfoSystems, Inc. and these other resellers.

51.     Defendant never obtains the complete public record as it gathers its information only by automated computer webscrape and obtains only a summary of the Virginia record rather than the complete record.

11

52. In Virginia, traffic infractions are non-criminal. Va. Code Ann. § 18.2-8 ("Traffic infractions are violations of public order as defined in § 46.2-100 and not deemed to be criminal in nature.") Because traffic infractions are not criminal convictions, they cannot be reported more than seven years after the fact. By reporting the outdated non-criminal infraction on its report, Defendant violated § 1681c.

53. In September 2018, Plaintiff Cross requested a copy of his full file from Defendant by US Mail and by email. Plaintiff Cross is entitled to a copy of his file pursuant to § 1681g. Defendant did not respond to Plaintiff Cross's request. By failing to comply with Plaintiff Cross's request, Defendant violated 1681g.

54. It was not until Plaintiff Cross received a response from a 1681g request directed to Checkr in September 2018 that Plaintiff Cross learned that Defendant had reported outdated information about him in violation of 1681c. In fact, it was not until September 2018 that Plaintiff Cross learned that Defendant had produced a report on him of any kind.

55. In December 2018, Plaintiff Spendlove requested a copy of his full file from Defendant by US Mail. Plaintiff Spendlove is entitled to a copy of his file pursuant to § 1681g. Defendant did not respond to Plaintiff Spendlove request. By failing to comply with Plaintiff Spendlove's request, Defendant violated 1681g.

## FACTS REGARDING DEFENDANT'S WILLFULNESS

56. In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

      a. Defendant takes no action to determine if the records older than seven years it reports are criminal convictions or not. This failure is unreasonable and willful.

     b.  Defendant takes no action upon receiving requests for full files pursuant to 1681g.  This failure is both unreasonable and willful.

     c.  The FCRA was enacted in 1970; Defendant has had 46 years to become compliant;

     d.  Defendant is a corporation with access to legal advice through its own general counsel's office and/or outside litigation counsel.  Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

     e.  Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

     f.  Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

     g.  Defendant's violations of the FCRA were repeated and systematic.

57.    At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA.  Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

## CLASS ACTION ALLEGATIONS

58.    Plaintiff Cross brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the National 1681c Class, defined as:

> All natural persons upon whom Defendant produced a report which included an adverse public record more than seven years old, which was not a criminal convictions, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

59.     Plaintiff Cross also brings Count I as a class action pursuant to Fed. R. Civ. P. 23

on behalf of the Virginia 1681c Sub-Class, defined as:

> All natural persons upon whom Defendant produced a report which included a traffic infraction from Virginia more than seven years old, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

60.     Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf

of the 1681k Class, defined as:

> All natural persons residing in the United States (a) who were the subject of a search made to Defendant of Virginia Circuit Court and/or General District Court records; (b) where Defendant's customer's records show that the purpose for the report it was to compile and furnish was an employment purpose; (c) where Defendant's returned at least one adverse criminal or traffic record hit; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

> Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

61.     Class certification is appropriate under Fed. R. Civ. P. 23(a).

62.     <u>Numerosity:</u> The classes are so numerous that joinder of all class members is

impractical.  Given the volume of Defendant's business, there are hundreds or thousands of class

members.

63.     <u>Typicality:</u> Plaintiffs' claims are typical of the members of the classes.  It is typical

for Defendant to produce consumer reports which include non-criminal information over seven

14

years old. It is also Defendant's policy to not send 1681k notices or respond to 1681g requests. The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members, and Defendant treated Plaintiffs consistently with other class members in accordance with its standard policies and practices.

64.    Adequacy: Plaintiffs will fairly and adequately protect the interests of the classes because they and their experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class.

65.    Commonality: This case presents common questions of law and fact, including but not limited to:

   a.   Whether Defendant willfully violated the FCRA by reporting out of date records in violation of §1681c(a);

   b.   Whether Defendant willfully violated the FCRA by failing to send timely and lawful notices in violation of § 1681k(a)(1).

   c.   Whether Defendant willfully violated the FCRA by failing to provide full copies of consumers' files upon request pursuant to §1681g;

   d.   Whether Defendant's violations of the FCRA were willful; and

   e.   The proper measure of damages.

66.    Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because, *inter alia*, questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations

15

of the FCRA.  Members of the class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution.  Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices.  Moreover, management of this action as a class action will not present any likely difficulties.  In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

67.     In view of the complexities of the issues and the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions.

68.     Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

69.     Plaintiffs intend to send notice to all members of the classes to the extent required by Rule 23(c)(2).  The names and addresses of the class members are available from Defendant's records.

## COUNT I
### 15 U.S.C. § 1681c(a)
#### *Inclusion of Obsolete Information*
**On Behalf of Plaintiff Cross, the National 1681c Class, and the Virginia 1681c Sub-Class**

16

70.     Defendant failed to comply with 15 U.S.C. § 1681c when it reported adverse information as to Plaintiff Cross and each 1681c Class member, which was older than seven years and which was not a criminal conviction.

71.     Plaintiff Cross' claim is timely because it is brought within two years of the date of discovery of the violation.  15 U.S.C. § 1681p(1).  Plaintiff Cross was unaware of Defendant's violation until September of 2018.

72.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

73.     As a result of Defendant's conduct, Plaintiff Cross and the putative classes have suffered particularized and concrete injuries, including injury to their privacy interests, damage to their reputations by the inclusion of derogatory information which is prohibited from inclusion by the FCRA, and harm or risk of harm to their employment prospects. *See Hawkins v. S2Verify*, Case No. 15-03502, 2016 WL 3999458 *9 (N.D. Cal. 2016); *Gambles v. Sterling Infosystems, Inc.*, 234 F. Supp. 3d 510, 521 (S.D.N.Y. 2017).

74.     Plaintiff Cross and other members of the 1681c Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

75.     As a result of these FCRA violations, Defendant is liable to Plaintiff and to each 1681c Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

17

## COUNT II
### 15 U.S.C. § 1681k(a)
#### *Failure to Provide 1681k(a)(1) Notice or Follow Strict Procedures*
#### *On Behalf of Plaintiffs Spendlove and Cross and the 1681k Class*

76.     Defendant failed to send the required § 1681k(a)(1) notice to Plaintiffs Spendlove and Cross and each member of the 1681k Class at the time that it provided an employment-purposed consumer report to  a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

77.     Plaintiff Spendlove was unaware of Defendant's violation regarding his Checkr report until October of 2018. He was unaware of Defendant's additional violations until the information was produced in discovery in this case. Plaintiff Cross was unaware of Defendant's violation until September of 2018.

78.     Similarly, Defendant does not ever maintain strict procedures designed to ensure that they only furnish complete and up-to-date public records. In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

79.     Defendant's failure to timely provide the required FCRA notices to Plaintiffs and the putative 1681k Class members violated 15 U.S.C. § 1681k(a)(1).

80.     Defendant's failure to maintain strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiffs and the putative class members violated 15 U.S.C. § 1681k(a)(2).

81.     The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to

15 U.S.C. § 1681n.

82.      As a result of Defendant's conduct, Plaintiffs and the putative classes have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled. Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parts with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, and (4) it is potential determinative information in extremely important interactions – applications for employment or credit.

83.      Having been denied this important information, Plaintiffs and the putative class were harmed because they did not know what information was circulated about them and by whom and were subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiffs were at increased risk to be denied employment.

84.      Plaintiffs and other members of the 1681k Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

85.      As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

## COUNT III
### 15 U.S.C. § 1681g
#### *Failure to Provide File Disclosures*

*On Behalf of Plaintiffs Spendlove and Cross*

86.    Plaintiffs Cross and Spendlove requested a copy of their consumer file from Defendant.

87.    Defendant failed to produce the information it possessed, despite each consumer's valid request for a copy of their file pursuant to §1681g(a).  It also failed to provide Plaintiffs notice of their rights under the FCRA, as required by §1681g(c)(2).

88.    The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

89.    As a result of Defendant's conduct, Plaintiffs have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled. Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parts with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, (4) it is potential determinative information in extremely important interactions – applications for employment or credit, and (5) it should include a notice of their substantive rights under applicable federal law.

90.    Having been denied this important information, Plaintiffs were harmed because they did not know what information was circulated about them and were subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiffs were at increased risk to be denied employment.

20

91.     Plaintiffs are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

92.     As a result of these FCRA violations, Defendant is liable to Plaintiffs, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**COUNT IV**
**15 U.S.C. § 1681e(b)**
***Failure to Maintain Reasonable Procedures***
***On Behalf of Plaintiff Spendlove***

93.     Plaintiff Spendlove incorporates by reference each of the allegations set forth in the preceding paragraphs.

94.     The Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained regarding Plaintiff Spendlove by erroneously listing a felony manslaughter conviction when in fact, Plaintiff had been convicted of misdemeanor reckless driving.

95.     As a result of Defendant's conduct, Plaintiff Spendlove suffered actual damages such as lost wages, frustration, stress, mental distress, loss of sleep and lost time attempting to correct the inaccuracies.

96.     Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n.  In the alternative, Defendant was negligent, entitling Plaintiff Spendlove to recover under 15 U.S.C. § 1681o.

21

97.     Plaintiff Spendlove is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

## JURY TRIAL DEMANDED

Plaintiffs demand a jury trial as to all claims so triable.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and the classes, seek the following relief:

a.  Determining that this action may proceed as a class action under Rule 23;

b.  Designating Plaintiffs as the class representatives for the classes;

c.  Designating Plaintiffs' counsel as counsel for the classes;

d.  Issuing proper notice to the class at Defendant's expense;

e.  Declaring that Defendant committed multiple, separate violations of the FCRA;

f.  Declaring that Defendant acted negligently, or willfully and in deliberate or reckless disregard of the rights of Plaintiffs and the classes under the FCRA;

g.  Awarding actual and/or statutory damages as provided by the FCRA;

h.  Awarding punitive damages;

i.  Awarding reasonable attorneys' fees and costs and expenses, as provided by the FCRA;

j.  Granting other and further relief, in law or equity, as this Court may deem appropriate and just.

Respectfully Submitted,
**OWEN SPENDLOVE AND JACOB CROSS**

By: /s/        *Leonard A. Bennett*
Leonard A. Bennett, VSB #37523
Elizabeth W. Hanes, VSB #75574
Craig C. Marchiando, VSB #89736
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
Email: elizabeth@clalegal.com
Email: craig@clalegal.com

Kristi C. Kelly, Esq., VSB #72791
Andrew J. Guzzo, Esq., VSB #82170
Casey S. Nash, Esq., VSB #84261
KELLY GUZZO, PLC
3925 Chain Bridge Road, Suite 202
Fairfax, VA 22030
(703) 424-7572
(703) 591-0167 Facsimile
Email: kkelly@kellyguzzo.com
Email: aguzzo@kellyguzzo.com
Email:  casey@kellyguzzo.com

E. Michelle Drake*
Joseph C. Hashmall*
BERGER MONTAGUE PC
43 SE Main St, Suite 505
Minneapolis, MN 55414
Tel.: (612) 594-5999
Fax: (612) 584-4470
Email: emdrake@bm.net
Email: jhashmall@bm.net
*admitted *pro hac vice*

*Counsel for Plaintiffs*

23

## CERTIFICATE OF SERVICE

I hereby certify that on the 28th day of October, 2019, I will electronically file the foregoing with the Clerk of Court using the CM/ECF system, which will then send a notification of such filing (NEF) to all counsel of record.

By:  /s/          *Leonard A. Bennett*
Leonard A. Bennett, VSB #37523
CONSUMER LITIGATION ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Ste. 1-A
Newport News, VA 23601
Telephone: (757) 930-3660
Facsimile: (757) 930-3662
Email: lenbennett@clalegal.com
*Counsel for Plaintiffs*