# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF VIRGINIA
### Richmond Division

OWEN SPENDLOVE and JACOB CROSS,
individually and as representatives of the
class,

        Plaintiffs

v.

RAPIDCOURT, LLC,

        Defendant.

Civil Action No. 3:18-cv-00856-REP

## DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT

Defendant RAPIDCOURT, LLC ("RapidCourt" or "Defendant"), by and through its attorneys, hereby submits its Answer and Affirmative and Additional Defenses to Plaintiffs' Second Amended Class Action Complaint ("SAC").

By filing this Answer and Affirmative and Additional Defenses, Defendant does not concede, and instead expressly denies, that it is subject to personal jurisdiction in this Court. Defendant refers Plaintiffs and the Court to its Motion to Dismiss the SAC and Memorandum of Law in Support, which set forth the reasons why the SAC should be dismissed for, *inter alia*, lack of personal jurisdiction.

## INTRODUCTION

### SAC ¶ 1:

This is a consumer class action for damages, costs and attorneys' fees under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") brought against RapidCourt, LLC, ("Defendant" or "RapidCourt"), a consumer reporting agency that routinely violates the FCRA's basic protections by failing to ensure that the driving and criminal record information it resells in its background checks is reportable under the law, by failing to provide consumers with timely notice when it provides information to others and by failing to appropriately respond to requests for information the FCRA requires it to disclose to consumers.

**Response:**     Defendant admits that Plaintiffs purport to bring this action under the FCRA. Paragraph 1 of the SAC otherwise consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in Paragraph 1 that are inconsistent with the cited statute. Defendant denies the remaining allegations in Paragraph 1 and specifically denies that it is a "consumer reporting agency" as defined in the FCRA, denies that it violated the FCRA or any other law, and denies that class treatment is appropriate in this action.

## SAC ¶ 2:

Recognizing that the content of employment and other consumer reports can have a significant impact on people's lives, Congress has chosen to regulate the procurement, use, and content of those reports through the FCRA.

**Response:**     Paragraph 2 of the SAC consists entirely of legal conclusions and characterizations of "Congressional intent" and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in Paragraph 2 that are inconsistent with the cited statute. Defendant denies any remaining allegations in Paragraph 2.

## SAC ¶ 3:

The FCRA unambiguously forbids reporting any adverse information on consumers, other than convictions of crimes, which predates the report by more than seven years. See 15 U.S.C. § 1681c.

**Response:**     Paragraph 3 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in Paragraph 3 that are inconsistent with the cited statute. Defendant denies the remaining allegations in Paragraph 3 and specifically denies that it is subject to 15 U.S.C. § 1681c and denies that it violated any section of the FCRA.

**SAC ¶ 4:**

Plaintiffs seek to hold Defendant accountable for its willful and systemic violations of the FCRA. Defendant has willfully violated the FCRA by reporting adverse non-conviction information which is more than seven years old. It also fails to follow reasonable procedures necessary to insure maximum possible accuracy in the reports it sells, and fails to provide consumers timely notice of the fact that it furnished an employment purposed report. And it does not follow strict procedures designed to ensure that it does not report incomplete or outdated public records.

**Response:**    Paragraph 4 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations because they are based on the erroneous allegation that Defendant is a consumer reporting agency. Defendant specifically denies that it is a consumer reporting agency. Defendant denies all remaining allegations in Paragraph 4 and specifically denies that it violated any section of the FCRA.

**SAC ¶ 5:**

Defendant is a consumer reporting agency that maintains an extensive database of public record information regarding individual consumers. It sells consumer reports generated from the database and furnishes these consumer reports to other consumer reporting agencies, who, in turn sell that information to employers for use in making decisions, including employment decisions regarding current and potential employees. Defendant is one of the largest players in this market, commonly referred to as the "wholesale" consumer reporting agency market.

**Response:**    Paragraph 5 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 5 and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**SAC ¶ 6:**

When this case was first filed, Plaintiffs knew that and herein allege that in 2017, Defendant reported to another CRA, non-party Checkr, Inc., ("Checkr") that Plaintiff Spendlove was "guilty" of a traffic infraction in Virginia state court (and within the territorial confines of the Eastern District of Virginia) in 2013 for failing to stop before entering a highway. Checkr is a "Reseller" under the FCRA.

**Response:**     Defendant denies the allegations in the first sentence of Paragraph 6 of the

SAC and specifically denies that it is a consumer reporting agency, that it "reported" a record

regarding Plaintiff Spendlove, and denies that it sells or prepares consumer reports. The

allegations in the second sentence consist entirely of legal conclusions and, therefore, no answer

is required. To the extent an answer is required, Defendant refers to the contents of the cited

statute and denies any allegations in the second sentence of Paragraph 6 that are inconsistent

with the cited statute.

## SAC ¶ 7:

And the Plaintiffs knew on filing and herein allege that in 2016, Defendant inaccurately
reported to Checkr that Plaintiff Cross was "guilty" of a traffic infraction in Virginia state court
(and within the territorial confines of the Eastern District of Virginia) in 2007.

**Response:**     Defendant denies the allegations in Paragraph 7 of the SAC and

specifically denies that it "reported" anything regarding Plaintiff Cross.

## SAC ¶ 8:

Such "infractions" are not criminal convictions, but are instead non-criminal in nature.
See, e.g., Va. Code Ann. § 18.2-8. This means that under the FCRA, which explicitly forbids the
reporting of non-convictions older than seven years, the information about Plaintiff Cross could
not be lawfully reported.

**Response:**     Paragraph 8 of the SAC consists entirely of legal conclusions and,

therefore, no answer is required. To the extent an answer is required, Defendant refers to the

contents of the cited statutes and denies any allegations in Paragraph 8 that are inconsistent with

the cited statutes. Defendant denies all remaining allegations in Paragraph 8 and specifically

denies that it violated the FCRA or any other law.

## SAC ¶ 9:

Checkr, in turn, reported this derogatory information to Plaintiff Cross's potential
employer. Because this record was not a criminal conviction, it could not lawfully be reported.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 9 of the SAC. The first sentence in Paragraph 9 appears to refer to an alleged statement made in writing, the contents of which speak for themselves. To the extent the allegations in the first sentence of Paragraph 9 are inconsistent with such written statements, those allegations are denied. The remaining allegations in Paragraph 9 consist entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant denies these remaining allegations and specifically denies that it violated the FCRA or any other law.

**SAC ¶ 10:**

After filing, Plaintiffs have accomplished written discovery and have learned for the first time that Defendant had also served numerous other consumer reports about each Plaintiff, each in violation of the FCRA.

**Response:**     Defendant admits that Plaintiffs have conducted written discovery. Defendant denies all remaining allegations in Paragraph 10 and specifically denies that it served consumer reports and denies that it violated the FCRA or any other law.

**SAC ¶ 11:**

In each instance, Defendant failed to provide Plaintiffs Spendlove and Cross timely and lawful notice that it was furnishing an employment purposed consumer report at the time it furnished the reports about Spendlove and Cross. Such notice is required under 15 U.S.C. § 1681k(a)(1) because Defendant has elected not to follow the alternative at § 1681k(a)(2).

**Response:**     Paragraph 11 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant denies the allegations in Paragraph 11 because they are based on the erroneous allegation that Defendant is a consumer reporting agency, which Defendant specifically denies. Defendant denies all remaining allegations in Paragraph 11 and specifically denies that it furnished reports about

Plaintiffs, denies that it is subject to 15 U.S.C. § 1681k, and denies that it violated the FCRA or any other law.

## SAC ¶ 12:

In addition to publishing unlawful information about consumers, Defendant also flouts its responsibility to provide consumers with all information in their files on request. Plaintiffs Spendlove and Cross each sought his file from Defendant, but received no response to his request. Accordingly, Plaintiffs Spendlove and Cross also bring claims for failure to properly respond to their requests for a copy of their file, in violation of 15 U.S.C. § 1681g.

**Response:**     Defendant denies the allegations in the first sentence of Paragraph 12 of the SAC. Defendant admits that it did not communicate with Plaintiffs Spendlove and Cross, but is without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in the second sentence of Paragraph 12. Defendant admits that Plaintiffs purport to assert a claim under 15 U.S.C. § 1681g. Defendant denies all remaining allegations in Paragraph 12 and specifically denies it is a consumer report agency, denies that it is subject to 15 U.S.C. § 1681g, and denies that it violated the FCRA or any other law.

## SAC ¶ 13:

Plaintiffs Spendlove and Cross are natural persons and "consumers" as protected and governed by the FCRA.

**Response:**     Defendant admits that Plaintiffs are natural persons and consumers, as that phrase is defined in the FCRA. Defendant denies all remaining allegations in Paragraph 13 of the SAC and specifically denies it violated the FCRA or any other law.

## SAC ¶ 14:

Plaintiff Spendlove resided within the territorial confines of the Eastern District of Virginia, Richmond Division when the events alleged in this lawsuit occurred and at the time of the filing of the Complaint.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 14 of the SAC, though based on Plaintiffs'

responses to written discovery, Defendant admits that it appears neither Plaintiff resides within any division of the Eastern District of Virginia.

**SAC ¶ 15:**

Plaintiff Cross is a resident of Washington, DC.

**Response:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegation in Paragraph 15 of the SAC, though based on Plaintiffs' responses in discovery, Defendant admits that it appears that Plaintiff Cross is, and at all relevant times was, a resident of Washington, D.C. and is not, therefore, a resident of the Eastern District of Virginia.

**SAC ¶ 16:**

Defendant is a North Carolina corporation headquartered in Huntersville, North Carolina. It provides consumer reports for employment purposes. Defendant sells background reports containing, inter alia, information about consumers' criminal backgrounds to other CRAs, who in turn sell them to prospective employers. Defendant is a consumer reporting agency as contemplated by the FCRA, 15 U.S.C. § 1681a. Defendant is regularly engaged in the business of assembling, evaluating, and disseminating information concerning consumers for the purpose of furnishing consumer reports to third parties, including within this District and Division.

**Response:** Defendant admits that it is a North Carolina limited liability company with its headquarters and principal and only place of business in Huntersville, North Carolina. The remaining allegations of Paragraph 16 consist entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant denies the remaining allegations in Paragraph 16 and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer or background reports, and denies that it is engaged in business in this District.

**SAC ¶ 17:**

The Court has personal jurisdiction over Defendant. Defendant regularly does business with consumer reporting agencies and other customers located in Virginia. Specifically, one of Defendant's major customers is Wholesale Screening Solutions, LLC ("WSS"), a Virginia

limited liability company with its principal office located in Purcellville, Virginia, within this District and Division. Defendant sold two reports about Plaintiff Spendlove to Wholesale Screening Solutions, LLC on April 25, 2016 and August 4, 2017.

**Response:**   Defendant admits that Wholesale Screening Solutions, LLC ("WSS") has been a subscriber of Defendant. Defendant denies all remaining allegations in Paragraph 17 of the SAC and specifically denies that it sold reports about Plaintiff Spendlove to WSS. Responding further, Defendant denies that the Court has personal jurisdiction over the Defendant and Defendant incorporates by reference Defendant's Motion to Dismiss the SAC and Memorandum of Law in Support.

**SAC ¶ 18:**

In its business operation related to the claims alleged herein, Defendant telephoned, emailed and even physically visited WSS at its Virginia headquarters.

**Response:**   Defendant is without knowledge or information sufficient to form a belief as to the allegation that it emailed WSS at a Virginia headquarters. Defendant denies the remaining allegations in Paragraph 18 of the SAC and specifically denies that it telephoned or physically visited WSS in Virginia related to the claims alleged in the SAC.

**SAC ¶ 19:**

In its business operations related to the claims alleged herein, Defendant emailed monthly bills to WSS at its Virginia headquarters, and received payments mailed from that location to be paid from a bank account housed in Virginia.

**Response:**   Defendant admits that it has emailed invoices to one or more email addresses with the "@lowersriskgroup.com" exchange, and admits that it has received payments thereon. Defendant denies all remaining allegations in Paragraph 19 of the SAC.

**SAC ¶ 20:**

Defendant also conducts background checks on individuals located in this District and Division.

**Response:** Defendant denies the allegations in Paragraph 20 of the SAC and specifically denies that it conducts background checks.

## SAC ¶ 21:

To assemble these reports, Defendant accesses, stores and reproduces court records and other public record from courts and other government entities in this District and Division. Defendant has procured hundreds of thousands, if not millions, of records from Virginia's courts, including courts in this district, and has sold and resold information about thousands, if not tens or hundreds of thousands, of Virginians and people with Virginia infractions, to its clients. Defendant obtains these records in a bulk and automated fashion, directly from the Virginia court system.

**Response:** Defendant denies the allegations in Paragraph 21 of the SAC and specifically denies that it is a consumer reporting agency and denies that it prepares, sells or re-sells information for consumer reports.

## SAC ¶ 22:

The Defendant "web-scrapes" the Virginia Supreme Court's website in order to collect Virginia public record information and add the data to its database to sell to its customers. Even though the Virginia Supreme Court has adopted a "CAPTCHA" protection system to prevent automated use of its website for this purpose, the Defendant has devised a two-step method to circumvent the CAPTCHA, which includes using an IP Proxy service to mask its IP address from being detected and blocked by the Virginia Supreme Court's website and then using a third-party service to enter the CAPTCHA code when the Defendant attempts to enter the Virginia Supreme Court website in order to complete the web-scrape. Upon information a belief, a significant percentage of one of Defendant's products, its direct-to-source technology service, accesses information from a source of public record information within Virginia.

**Response:** Defendant admits that it engages the services of a non-Virginia-based third-party service providers to assist with CAPTCHA-related and IP Proxy-related tasks. Defendant denies the remaining allegations in Paragraph 22 of the SAC and specifically denies that it sells information to its customers, and denies that a significant percentage of its direct-to-source technology service is used to access information from a source of public record information within Virginia.

**SAC ¶ 23:**

In addition, upon information and belief, this product has resulted in the transmission of millions of Virginia public record entries being published about consumers to Defendant's customers. In fact, roughly 8% of its direct-to-source services relate to Virginia records.

**Response:**   Plaintiffs' allegation regarding "transmission of . . . public record entries being published" is vague and ambiguous and not capable of being answered. To the extent a response is required, Defendant denies the allegations in the first sentence of Paragraph 23. Plaintiffs' allegation in the second sentence of Paragraph 23 regarding the percentage of "services [that] relate to Virginia records" is vague and ambiguous and not capable of being answered. To the extent a response is required, Defendant denies the allegations in the second sentence of Paragraph 23.

**SAC ¶ 24:**

Defendant has directed marketing material to Virginia customers and potential customers.

**Response:**   Defendant denies the allegations in Paragraph 24 of the SAC. Responding further, Defendant states that is marketing efforts are nationwide and not directed specifically to Virginia.

**SAC ¶ 25:**

For at least the last three years Defendant has actively participated in, paid to advertise in and attended background screening conferences in Virginia and this District.

**Response:**   Defendant admits that on one occasion in each of the last three years it has attended and advertised at an industry conference in the greater District of Columbia metropolitan area, including in Arlington, Virginia. Defendant denies any remaining allegations in Paragraph 25 of the SAC.

**SAC ¶ 26:**

Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties.

Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

**Response:**    Defendant denies the allegations in Paragraph 26 of the SAC and

specifically denies that is a consumer reporting agency and denies that it sells or prepares

consumer reports.

## SAC ¶ 27:

This Court has federal question jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. § 1331 and 15 U.S.C. § 1681p, which allows claims under the FCRA to be brought in any appropriate court of competent jurisdiction.

**Response:**    Paragraph 27 of the SAC consists entirely of legal conclusions and,

therefore, no answer is required. To the extent an answer is required, Defendant admits that the

SAC asserts a federal question, but denies that Plaintiffs have standing such as to confer subject

matter jurisdiction. Defendant denies the remaining allegations in Paragraph 27 of the SAC.

## SAC ¶ 28:

Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to the claim occurred in this District, including but not limited to the underlying infraction.

**Response:**    Defendant denies the allegations in Paragraph 28 of the SAC and

incorporates by reference Defendants' Motion to Dismiss the SAC and Memorandum of Law in

Support.

## SAC ¶ 29:

The FCRA was enacted to ensure that CRAs report information in a manner that is "fair and equitable to the consumer," and "with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information." 15 U.S.C. §§ 1681a, 1681b.

**Response:**    Defendant admits only that the statute cited in Paragraph 29 of the SAC

contains, in part, the language quoted in Paragraph 29. Defendant denies remaining allegations in

Paragraph 29 of the SAC and specifically denies that it is a consumer reporting agency and denies that it sells or prepares consumer reports.

**SAC ¶ 30:**

Among a number of substantive restrictions on what information may appear in a consumer report, the FCRA prohibits the reporting of arrest and other law enforcement records that predate the report by more than seven years, unless those records are a record of conviction. Specifically, a CRA may not report:

>  (2)    Civil suits, civil judgments, and records of arrest that from date of entry, antedate the report by more than seven years or until the governing statute of limitations has expired, whichever is the longer period...

>  (5)    Any other adverse item of information, other than records of convictions of crimes which antedates the report by more than seven years.

15 U.S.C. § 1681c(a).

**Response:**    Defendant admits only that the statute cited in Paragraph 30 of the SAC contains, in part, the language quoted in Paragraph 30. Defendant denies any remaining allegations in Paragraph 30 of the SAC.

**SAC ¶ 31:**

The FCRA demands that consumer reporting agencies like Rapid Court use "reasonable procedures to ensure maximum possible accuracy" of the information they report.

15 U.S.C. § 1681e(b).

**Response:**    Defendant admits only that the statute cited in Paragraph 31 of the SAC contains, in part, the language quoted in Paragraph 31. Defendant denies any remaining allegations in Paragraph 31 and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, denies that it is subject to 15 U.S.C. § 1681e(b), and denies that it violated the FCRA or any other law.

**SAC ¶ 32:**

Additionally, 15 U.S.C. § 1681k(a) requires CRAs to provide timely and lawful notice that they are furnishing an employment purposed consumer report at the time they did so. This important requirement is intended to provide consumers immediate notice of the furnishing of the employment report and details necessary to preemptively contact the consumer-reporting agency to obtain and, as appropriate, correct information in the furnished report. It also was intended to alert the consumer to the employer's use of the report to provide them the opportunity to address any concerns or derogatory history in the report directly with the employer.

**Response:**   Paragraph 32 of the SAC consists entirely of legal conclusions and characterizations of Congressional intent and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies those allegations in Paragraph 32 that are inconsistent with the cited statute. Defendant denies all remaining allegations in Paragraph 32.

**SAC ¶ 33:**

Plaintiffs allege that Defendant did not attempt for any consumer to follow the option available at 15 U.S.C. § 1681k(a)(2). The alternative would only be applicable if Defendant had in place before any report was furnished strict procedures designed to ensure that it actually contacted the original source of public records information (e.g., the Court clerk or the DMV) before furnishing a report which includes such information to insure that the information it included in its reports was the complete and up to date public record. A § 1681k(a)(2) option is not available to Defendant because the public records it furnishes to third parties are summaries, indexes or partial records. It never furnishes the complete and up-to-date public record. 15 U.S.C. § 1681k(a)(2) is thus inapplicable to the consumer reports at issue in this case.

**Response:**   Paragraph 33 of the SAC consists of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies those allegations in Paragraph 33 that are inconsistent with the cited statute. Defendant denies all remaining allegations in Paragraph 33, including because they are based on the erroneous allegations that Defendant is a consumer reporting agency and that Defendant furnishes "reports." Defendant specifically denies that it is a consumer reporting

13

agency, denies that it ever prepared or furnished consumer reports on Plaintiffs, and denies that it is subject to 15 U.S.C. § 1681k. Defendant denies all remaining allegations in Paragraph 33.

## SAC ¶ 34:

Finally, 15 U.S.C. § 1681g requires CRAs to, upon request, provide consumers with copies of their files. Defendant violates this section by never responding to requests made pursuant to 15 U.S.C. § 1681g.

**Response:** Paragraph 34 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in Paragraph 34 that are inconsistent with the cited statute. Defendant denies the remaining allegations in Paragraph 34 and specifically denies that it is a consumer reporting agency and denies that it is subject to 15 U.S.C. § 1681g.

## SAC ¶ 35:

The FCRA defines a "Consumer Reporting Agency" as "any person which, for monetary fees, dues, or on a cooperative nonprofit basis, regularly engages in whole or in part in the practice of assembling or evaluating consumer credit information or other information on consumers for the purpose of furnishing consumer reports to third parties, and which uses any means or facility of interstate commerce for the purpose of preparing or furnishing consumer reports." 15 U.S.C. § 1681a(f).

**Response:** Defendant admits only that the statute cited in Paragraph 35 of the SAC contains, in part, the language quoted in Paragraph 35. Defendant denies any remaining allegations in Paragraph 35 and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 36:

In turn, the FCRA defines a "consumer report" as "any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's credit worthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in establishing the consumer's eligibility for...employment purposes." 15 U.S.C. § 1681a(d)

**Response:**     Defendant admits only that the statute cited in Paragraph 36 of the SAC contains, in part, the language quoted in Paragraph 36. Defendant denies any remaining allegations in Paragraph 36 and specifically denies that it is a consumer reporting agency, denies that it sells or prepares consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 37:

Defendant is a consumer reporting agency because, in exchange for monetary fees, it assembles information on consumers which it compiles into reports which it sells to third parties. Specifically, it aggregates criminal and driving records of consumers into consumer reports which it sells to other consumer reporting agencies, knowing that those consumer reporting agencies will include this information on consumer reports which are being used for employment purposes. Defendant uses interstate commerce, including the internet, in providing these reports.

**Response:**     Defendant denies the allegations in Paragraph 37 of the SAC.

## SAC ¶ 38:

It is not simply the final report provided by a consumer reporting agency to a potential employer that is subject to the FCRA. The reports provided by Defendant to other consumer reporting agencies are themselves consumer reports, and Defendant is therefore subject to all of the provisions of the FCRA, including the provisions at issue in this case. *Lewis v. Ohio Prof'l Elec. Network LLC*, 190 F. Supp. 2d 1049, 1059 (S.D. Ohio 2002); see FTC Advisory Opinion to LeBlanc, http://www.ftc.gov/policy/advisory-opinions/advisory-opinion-leblanc-06-09-98.

**Response:**     Paragraph 38 of the SAC consists entirely of legal conclusions and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statute and denies any allegations in the first sentence of Paragraph 38 that are inconsistent with the contents of the cited statute. Defendant denies all remaining allegations in Paragraph 38 and specifically denies that it is a consumer reporting agency, denies that it sells, provides or prepares consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 39:

In January 2017, Plaintiff Spendlove applied for a job as a driver with non-party Uber Technologies Inc. ("Uber").

**Response:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in Paragraph 39 of the SAC.

**SAC ¶ 40:**

That same month, on information and belief, Defendant prepared a report on Plaintiff Spendlove, and provided it to Checkr for a fee.

**Response:** Defendant denies the allegations in Paragraph 40 of the SAC.

**SAC ¶ 41:**

The consumer report included a 2013 infraction from Nottoway General District Court, Virginia for failure to stop before entering a highway.

**Response:** Defendant denies the allegations in Paragraph 41 of the SAC and specifically denies that it prepared or provided a consumer report on Plaintiff Spendlove to Checkr.

**SAC ¶ 42:**

Plaintiff Spendlove never received a letter or any other communication from Defendant "at the time" his report was furnished to Checkr.

**Response:** Defendant admits that it did not send Plaintiff Spendlove a communication, but Defendant denies that it had any obligation to do so. Defendant denies any remaining allegations in Paragraph 42 of the SAC and specifically denies that it is a consumer reporting agency and denies that it prepared any consumer report on Plaintiff Spendlove.

**SAC ¶ 43:**

In November 2018, Plaintiff Spendlove discovered that Defendant prepared a report about him and provided it to Checkr.

**Response:** Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations regarding any alleged discovery by Plaintiff Spendlove or as to Plaintiff Spendlove's interactions with any third parties. Defendant denies all remaining

allegations in Paragraph 43 of the SAC and specifically denies that it is a consumer reporting agency and denies that it prepared a consumer report on Plaintiff Spendlove.

**SAC ¶ 44:**

In addition to reporting the information above to Checkr, on information and belief, Defendant also reported derogatory information about Mr. Spendlove to other FCRA reseller customers as follows:

> **[Paragraph 44 of Plaintiffs' SAC includes a table that improperly discloses information designated and protected as Confidential pursuant to the Court's Stipulated Protective Order and Non-Waiver Order. For this reason, the table has not been reproduced here.]**

**Response:** Defendant denies the allegations in Paragraph 44 of the SAC and specifically denies that it reported information regarding Mr. Spendlove.

**SAC ¶ 45:**

On information and belief, at least one of these reports included an entry stating that Plaintiff Spendlove was convicted of felony manslaughter in Virginia's Brunswick County Circuit Court. That information was inaccurate, as court records show that Plaintiff Spendlove was convicted of a misdemeanor offense, reckless driving.

**Response:** The "court records" referenced in the second sentence of Paragraph 45 of the SAC are documents, the contents of which speak for themselves. To the extent the allegations in Paragraph 45 are inconsistent with the contents of such documents, those allegations are denied. Defendant denies all remaining allegations in Paragraph 45 of the SAC.

**SAC ¶ 46:**

Plaintiff Spendlove was unaware that Defendant provided his consumer report to these entities until Defendant produced the information in discovery in this matter.

**Response:** Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations regarding the state of Plaintiff Spendlove's awareness. Defendant denies all remaining allegations in Paragraph 46 of the SAC and specifically denies

that it is a consumer reporting agency and that it prepared or provided consumer reports regarding Plaintiff Spendlove.

**SAC ¶ 47:**

In March 2016, Plaintiff Cross applied for a job as a driver with non-party Uber.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of any allegations in Paragraph 47 of the SAC.

**SAC ¶ 48:**

In that same month, Defendant prepared a report on Plaintiff Cross, and provided it to Checkr for a fee. The report Defendant produced to Checkr is attached hereto as Exhibit A. Checkr, in turn, reported the infraction to Uber. Ex. B.

**Response:**     Defendant denies the allegations in the first two sentences of Paragraph 48 of the SAC. Defendant specifically denies that it is a consumer reporting agency and denies that it prepared or provided a report regarding Plaintiff Cross. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the third sentence of Paragraph 48.

**SAC ¶ 49:**

That consumer report included a 2007 infraction from Loudoun County, Virginia for speeding. *Id*. The report correctly identified the matter as an "infraction."

**Response:**     Defendant denies the allegations in Paragraph 49 of the SAC with regard to Defendant and specifically denies that it prepared or provided a consumer report regarding Plaintiff Cross. Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations with regard to Checkr's alleged reporting of an infranction.

**SAC ¶ 50:**

Neither Spendlove or Cross received a letter or any other communication from Defendant "at the time" these reports were furnished to Checkr and Sterling InfoSystems, Inc. and these other resellers.

**Response:**     Defendant admits that it did not send Plaintiffs Spendlove and Cross a communication, but Defendant denies that it had any obligation to do so. Defendant denies any remaining allegations in Paragraph 50 of the SAC and specifically denies that it is a consumer reporting agency and denies that it prepared or furnished consumer reports regarding Plaintiffs Spendlove and Cross.

## SAC ¶ 51:

Defendant never obtains the complete public record as it gathers its information only by automated computer webscrape and obtains only a summary of the Virginia record rather than the complete record.

**Response:**     Defendant denies the allegations in Paragraph 51 of the SAC.

## SAC ¶ 52:

In Virginia, traffic infractions are non-criminal. Va. Code Ann. § 18.2-8 ("Traffic infractions are violations of public order as defined in § 46.2-100 and not deemed to be criminal in nature.") Because traffic infractions are not criminal convictions, they cannot be reported more than seven years after the fact. By reporting the outdated non-criminal infraction on its report, Defendant violated § 1681c.

**Response:**     The first and second sentences in Paragraph 52 of the SAC consist entirely of legal conclusions and purported quotations from statutes and, therefore, no answer is required. To the extent an answer is required, Defendant refers to the contents of the cited statutes and denies any allegations in first or second sentences in Paragraph 52 that are inconsistent with the cited statutes. Defendant denies the allegations in the third sentence of Paragraph 52 and specifically denies that it prepares consumer reports, denies that it prepared a consumer report regarding Plaintiffs, and denies that it is subject to 15 U.S.C. § 1681c.

## SAC ¶ 53:

In September 2018, Plaintiff Cross requested a copy of his full file from Defendant by US Mail and by email. Plaintiff Cross is entitled to a copy of his file pursuant to § 1681g. Defendant did not respond to Plaintiff Cross's request. By failing to comply with Plaintiff Cross's request, Defendant violated 1681g.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 53. In further response, Defendant admits that it did not communicate with Plaintiff Cross in response to any purported request from Plaintiff Cross. To the extent Plaintiff Cross made such a request, Defendant denies that it had any obligation to provide a response. Defendant is not a consumer reporting agency and is not subject to 15 U.S.C. §1681g. Defendant denies the remaining allegations in Paragraph 53.

## SAC ¶ 54:

It was not until Plaintiff Cross received a response from a 1681g request directed to Checkr in September 2018 that Plaintiff Cross learned that Defendant had reported outdated information about him in violation of 1681c. In fact, it was not until September 2018 that Plaintiff Cross learned that Defendant had produced a report on him of any kind.

**Response:**     Defendant denies the allegations in Paragraph 54 of the SAC and specifically denies that it is a consumer reporting agency, denies that it prepared or furnished a consumer report regarding Plaintiff Cross, and denies that it violated the FCRA or any other law.

## SAC ¶ 55:

In December 2018, Plaintiff Spendlove requested a copy of his full file from Defendant by US Mail. Plaintiff Spendlove is entitled to a copy of his file pursuant to § 1681g. Defendant did not respond to Plaintiff Spendlove request. By failing to comply with Plaintiff Spendlove's request, Defendant violated 1681g.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 55. In further response, Defendant admits that it did not communicate with Plaintiff Spendlove in response to any purported request from Plaintiff Spendlove. To the extent Plaintiff Spendlove made such a request, Defendant denies that it had any obligation to provide a response. Defendant is not a consumer reporting agency and is not subject to 15 U.S.C. §1681g. Defendant denies the remaining allegations in Paragraph 55.

**SAC ¶ 56:**

In addition to the conduct set forth above, Defendant's willful conduct is further reflected by, *inter alia*, the following:

a.   Defendant takes no action to determine if the records older than seven years it reports are criminal convictions or not. This failure is unreasonable and willful.

b.   Defendant takes no action upon receiving requests for full files pursuant to 1681g. This failure is both unreasonable and willful.

c.   The FCRA was enacted in 1970; Defendant has had 46 years to become compliant;

d.   Defendant is a corporation with access to legal advice through its own general counsel's office and/or outside litigation counsel. Yet, there is no contemporaneous evidence that it determined that its conduct was lawful;

e.   Defendant knew or had reason to know that its conduct was inconsistent with FTC guidance, case law, and the plain language of the FCRA;

f.   Defendant voluntarily ran a risk of violating the law substantially greater than the risk associated with a reading that was merely careless; and

g.   Defendant's violations of the FCRA were repeated and systematic.

**Response:**   Defendant denies the allegations in Paragraph 56 of the SAC.

**SAC ¶ 57:**

At all times relevant hereto, Defendant's conduct was willful and carried out in knowing or reckless disregard for consumers' rights under the FCRA. Defendant's conduct was intentionally accomplished through its intended procedures; these procedures have continued despite the fact that other consumer reporting agencies have been subject to court decisions and consumer complaints critical of similar conduct; and Defendant will continue to engage in this conduct because it believes there is greater economic value in selling over-inclusive consumer reports than in producing accurate reports.

**Response:**   Defendant denies the allegations in Paragraph 57 of the SAC.

**SAC ¶ 58:**

**58.**   Plaintiff Cross brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the National 1681c Class, defined as:

All natural persons upon whom Defendant produced a report which included an adverse public record more than seven years old, which was not a criminal

convictions, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

**Response:**     Defendant admits that Plaintiff Cross purports to assert Count I on behalf of the purported class identified in Paragraph 58 of the SAC. Defendant denies all remaining allegations in Paragraph 58 of the SAC and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or produces consumer reports, and denies that it violated the FCRA or any other law.

**SAC ¶ 59:**

Plaintiff Cross also brings Count I as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the Virginia 1681c Sub-Class, defined as:

All natural persons upon whom Defendant produced a report which included a traffic infraction from Virginia more than seven years old, at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

**Response:**     Defendant admits that Plaintiff Cross purports to assert Count I on behalf of the purported sub-class identified in Paragraph 59 of the SAC.  Defendant denies all remaining allegations in Paragraph 59 of the SAC and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or produces consumer reports, and denies that it violated the FCRA or any other law.

**SAC ¶ 60:**

Plaintiffs bring Count II as a class action pursuant to Fed. R. Civ. P. 23 on behalf of the 1681k Class, defined as:

All natural persons residing in the United States (a) who were the subject of a search made to Defendant of Virginia Circuit Court and/or General District Court records; (b) where Defendant's customer's records show that the purpose for the report it was to compile and furnish was an employment purpose; (c) where Defendant's returned at least one adverse criminal or traffic record hit; (d) at any time from the date five years prior to the filing of this Complaint and continuing through the resolution of this case.

Excluded from the class definition are any employees, officers, directors of Defendant, any attorney appearing in this case, and any judge assigned to hear this action.

**Response:**  Defendant admits that Plaintiffs purport to assert Count II on behalf of the purported class identified in Paragraph 60 of the SAC.  Defendant denies all remaining allegations in Paragraph 60 of the SAC and specifically denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 61:

Class certification is appropriate under Fed. R. Civ. P. 23(a).

**Response:**  Defendant denies the allegations in Paragraph 61 of the SAC.

## SAC ¶ 62:

Numerosity: The classes are so numerous that joinder of all class members is impractical. Given the volume of Defendant's business, there are hundreds or thousands of class members.

**Response:**  Defendant denies the allegations in Paragraph 62 of the SAC. Specifically, Defendant denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 63:

Typicality: Plaintiffs' claims are typical of the members of the classes. It is typical for Defendant to produce consumer reports which include non-criminal information over seven years old. It is also Defendant's policy to not send 1681k notices or respond to 1681g requests. The FCRA violations suffered by Plaintiffs are typical of those suffered by other class members,

and Defendant treated Plaintiffs consistently with other class members in accordance with its standard policies and practices.

**Response:**     Defendant denies the allegations in Paragraph 63 of the SAC. Specifically, Defendant denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it violated the FCRA or any other law.

## SAC ¶ 64:

Adequacy: Plaintiffs will fairly and adequately protect the interests of the classes because they and their experienced counsel are free of any conflicts of interest and are prepared to vigorously litigate this action on behalf of the class.

**Response:**     Defendant denies the allegations in Paragraph 64 of the SAC and further states that class treatment is not appropriate in this action.

## SAC ¶ 65:

Commonality: This case presents common questions of law and fact, including but not limited to:

a.     Whether Defendant willfully violated the FCRA by reporting out of date records in violation of §1681c(a);

b.     Whether Defendant willfully violated the FCRA by failing to send timely and lawful notices in violation of § 1681k(a)(1).

c.     Whether Defendant willfully violated the FCRA by failing to provide full copies of consumers' files upon request pursuant to §1681g;

d.     Whether Defendant's violations of the FCRA were willful; and

e.     The proper measure of damages.

**Response:**     Defendant denies the allegations in Paragraph 65 of the SAC. Specifically, Defendant denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it violated the FCRA or any other law.

**SAC ¶ 66:**

Class certification is appropriate under Fed. R. Civ. P. 23(b)(3) because, *inter alia*, questions of law and fact common to the class predominate over any questions affecting only individual members of the class, and because a class action is superior to other available methods for the fair and efficient adjudication of this litigation. Defendant's conduct described in this Complaint stems from common and uniform policies and practices, resulting in common violations of the FCRA. Members of the class do not have an interest in pursuing separate actions against Defendant, as the amount of each class member's individual claim is small compared to the expense and burden of individual prosecution. Class certification also will obviate the need for unduly duplicative litigation that might result in inconsistent judgments concerning Defendant's practices. Moreover, management of this action as a class action will not present any likely difficulties. In the interests of justice and judicial efficiency, it would be desirable to concentrate the litigation of all class members' claims in a single forum.

**Response:** Defendant denies the allegations in Paragraph 66 of the SAC. Specifically, Defendant denies that class treatment is appropriate in this action, denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, and denies that it violated the FCRA or any other law.

**SAC ¶ 67:**

In view of the complexities of the issues and the expenses of litigation the separate claims of individual class members are insufficient in amount to support separate actions.

**Response:** Defendant denies the allegations in Paragraph 67 of the SAC and further states that class treatment is not appropriate in this action.

**SAC ¶ 68:**

Yet, the amount which may be recovered by individual class members will be large enough in relation to the expense and effort of administering the action to justify a class action. The administration of this action can be handled by class counsel or a third-party administrator, and the costs of administration will represent only a small fraction of the ultimate recovery to be achieved.

**Response:** Defendant denies the allegations in Paragraph 68 of the SAC and further states that class treatment is not appropriate in this action.

**SAC ¶ 69:**

Plaintiffs intend to send notice to all members of the classes to the extent required by Rule 23(c)(2). The names and addresses of the class members are available from Defendant's records.

**Response:** Defendant is without knowledge or information sufficient to form a belief as to the truth of the allegations in the first sentence of Paragraph 69 of the SAC. Defendant denies the remaining allegations in Paragraph 69 and further states that class treatment is not appropriate in this action.

## COUNT I

**SAC ¶ 70:**

Defendant failed to comply with 15 U.S.C. § 1681c when it reported adverse information as to Plaintiff Cross and each 1681c Class member, which was older than seven years and which was not a criminal conviction.

**Response:** Defendant denies the allegations in Paragraph 70 of the SAC. Defendant specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiff Cross, denies that it is subject to the FCRA claims asserted in the SAC, denies that it violated the FCRA or any other law, and denies any assertion in the SAC as to an absolute exclusion of adverse information older than seven years in light of 15 U.S.C. § 1681c(b).

**SAC ¶ 71:**

Plaintiff Cross' claim is timely because it is brought within two years of the date of discovery of the violation. 15 U.S.C. § 1681p(1). Plaintiff Cross was unaware of Defendant's violation until September of 2018.

**Response:** Defendant is without knowledge or information sufficient to form a belief as to Plaintiff Cross's knowledge. Defendant denies the remaining allegations in Paragraph 71, and specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiff Cross, denies that it is subject to the FCRA claims asserted in the SAC, and denies that it violated the FCRA or any other law.

**SAC ¶ 72:**

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 72 of the SAC.

**SAC ¶ 73:**

As a result of Defendant's conduct, Plaintiff Cross and the putative classes have suffered particularized and concrete injuries, including injury to their privacy interests, damage to their reputations by the inclusion of derogatory information which is prohibited from inclusion by the FCRA, and harm or risk of harm to their employment prospects. See Hawkins v. S2Verify, Case No. 15-03502, 2016 WL 3999458 *9 (N.D. Cal. 2016); Gambles v. Sterling Infosystems, Inc., 234 F. Supp. 3d 510, 521 (S.D.N.Y. 2017).

**Response:**     Defendant denies the allegations in Paragraph 73 of the SAC.

**SAC ¶ 74:**

Plaintiff Cross and other members of the 1681c Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 74 of the SAC.

**SAC ¶ 75:**

As a result of these FCRA violations, Defendant is liable to Plaintiff and to each 1681c Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 75 of the SAC.

## COUNT II

**SAC ¶ 76:**

Defendant failed to send the required § 1681k(a)(1) notice to Plaintiffs Spendlove and Cross and each member of the 1681k Class at the time that it provided an employment-purposed consumer report to a user that contained public record information of the type that is likely to have an adverse effect on a consumer's ability to obtain or maintain employment.

**Response:**     Defendant denies the allegations in Paragraph 76 and specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiffs, denies that it is subject to the FCRA claims asserted in the SAC, and denies that it violated the FCRA or any other law.

## SAC ¶ 77:

Plaintiff Spendlove was unaware of Defendant's violation regarding his Checkr report until October of 2018. He was unaware of Defendant's additional violations until the information was produced in discovery in this case. Plaintiff Cross was unaware of Defendant's violation until September of 2018.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the state of Plaintiffs' awareness. Defendant denies the remaining allegations in Paragraph 77 of the SAC, and specifically denies that it prepares consumer reports, denies that it prepared a consumer report on Plaintiffs, denies that it is subject to the FCRA claims asserted in the SAC, and denies that it violated the FCRA or any other law.

## SAC ¶ 78:

Similarly, Defendant does not ever maintain strict procedures designed to ensure that they only furnish complete and up-to-date public records. In fact, it uniformly fails to sell or furnish the complete public record and instead only obtain and provide the very limited data available through a batch and/or automated pickup.

**Response:**     Defendant denies the allegations in Paragraph 78 because they are based on the erroneous allegations that Defendant is a consumer reporting agency subject to 15 U.S.C. § 1681k. Defendant specifically denies that it is a consumer reporting agency, denies that it prepares or sells consumer reports, denies that it is subject to the FCRA claims in this case, and denies that it violated the FCRA or any other law

## SAC ¶ 79:

Defendant's failure to timely provide the required FCRA notices to Plaintiffs and the putative 1681k Class members violated 15 U.S.C. § 1681k(a)(1).

28

**Response:**    Defendant denies the allegations in Paragraph 79 of the SAC.

## SAC ¶ 80:

Defendant's failure to maintain strict procedures designed to ensure that it did not furnish incomplete or out of date public records regarding Plaintiffs and the putative class members violated 15 U.S.C. § 1681k(a)(2).

**Response:**    Defendant denies the allegations in Paragraph 80 of the SAC.

## SAC ¶ 81:

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**    Defendant denies the allegations in Paragraph 81 of the SAC.

## SAC ¶ 82:

As a result of Defendant's conduct, Plaintiffs and the putative classes have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled. Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parts with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, and (4) it is potential determinative information in extremely important interactions – applications for employment or credit.

**Response:**    Defendant denies the allegations in Paragraph 82 of the SAC.

## SAC ¶ 83:

Having been denied this important information, Plaintiffs and the putative class were harmed because they did not know what information was circulated about them and by whom and were subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiffs were at increased risk to be denied employment.

**Response:**    Defendant denies the allegations in Paragraph 83 of the SAC.

## SAC ¶ 84:

Plaintiffs and other members of the 1681k Class are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**    Defendant denies the allegations in Paragraph 84 of the SAC.

**SAC ¶ 85:**

As a result of these FCRA violations, Defendant is liable to Plaintiffs and to each Class Member, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 85 of the SAC

## COUNT III

**SAC ¶ 86:**

Plaintiffs Cross and Spendlove requested a copy of their consumer file from Defendant.

**Response:**     Defendant is without knowledge or information sufficient to form a belief as to the truth of whether Plaintiffs requested copies of purported consumer files. Defendant denies that it had any obligation to respond to such requests to the extent they were made. Defendant denies the remaining allegations in Paragraph 86 of the SAC because, *inter alia*, they are based on the erroneous allegations that Defendant maintains consumer files on individuals and that Defendant is subject to 15 U.S.C. § 1681g. Defendant specifically denies that it is a consumer reporting agency and denies that it is subject to the FCRA claims asserted in the SAC.

**SAC ¶ 87:**

Defendant failed to produce the information it possessed, despite each consumer's valid request for a copy of their file pursuant to §1681g(a). It also failed to provide Plaintiffs notice of their rights under the FCRA, as required by §1681g(c)(2).

**Response:**     Defendant denies the allegations in Paragraph 87 of the SAC.

**SAC ¶ 88:**

The conduct, action, and inaction of Defendant was willful, rendering Defendant liable for statutory and punitive damages in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 88 of the SAC.

**SAC ¶ 89:**

As a result of Defendant's conduct, Plaintiffs have suffered particularized and concrete injuries, including being robbed of their congressionally mandated right to information to which Congress has deemed them entitled. Access to this information is important because (1) it is highly personal in nature, (2) it is maintained and reported by third parts with who Plaintiffs have no pre-existing relationship, (3) it is ultimately sold to third parties to whom Plaintiffs are applying to employment or credit without Plaintiffs having the opportunity to view it in advance, (4) it is potential determinative information in extremely important interactions – applications for employment or credit, and (5) it should include a notice of their substantive rights under applicable federal law.

**Response:**     Defendant denies the allegations in Paragraph 89 of the SAC.

**SAC ¶ 90:**

Having been denied this important information, Plaintiffs were harmed because they did not know what information was circulated about them and were subsequently denied an opportunity to correct inaccurate or obsolete information. As a result, Plaintiffs were at increased risk to be denied employment.

**Response:**     Defendant denies the allegations in Paragraph 90 of the SAC.

**SAC ¶ 91:**

Plaintiffs are entitled to recover costs and attorney's fees as well as appropriate equitable relief from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 91 of the SAC.

**SAC ¶ 92:**

As a result of these FCRA violations, Defendant is liable to Plaintiffs, for statutory damages from $100.00 to $1,000.00 pursuant to 15 U.S.C. §1681n(a)(1)(A), plus punitive damages pursuant to 15 U.S.C. § 1681n(a)(2), and for attorneys fees and costs pursuant to § 1681n.

**Response:**     Defendant denies the allegations in Paragraph 92 of the SAC.

## COUNT IV

**SAC ¶ 93:**

Plaintiff Spendlove incorporates by reference each of the allegations set forth in the preceding Paragraphs.

**Response:** Defendant incorporates by reference its responses to each of the allegations set forth in the preceding Paragraphs.

**SAC ¶ 94:**

The Defendant violated 15 U.S.C. § 1681e(b) by failing to establish and/or to follow reasonable procedures to assure maximum possible accuracy in the preparation of Plaintiff's credit reports and credit files it published and maintained regarding Plaintiff Spendlove by erroneously listing a felony manslaughter conviction when in fact, Plaintiff had been convicted of misdemeanor reckless driving.

**Response:** Defendant denies the allegations in Paragraph 94 of the SAC.

**SAC ¶ 95:**

As a result of Defendant's conduct, Plaintiff Spendlove suffered actual damages such as lost wages, frustration, stress, mental distress, loss of sleep and lost time attempting to correct the inaccuracies.

**Response:** Defendant denies the allegations in Paragraph 95 of the SAC.

**SAC ¶ 96:**

Defendant's violation of 15 U.S.C. § 1681e(b) was willful, rendering it liable pursuant to 15 U.S.C. § 1681n. In the alternative, Defendant was negligent, entitling Plaintiff Spendlove to recover under 15 U.S.C. § 1681o.

**Response:** Defendant denies the allegations in Paragraph 96 of the SAC.

**SAC ¶ 97:**

Plaintiff Spendlove is entitled to recover actual damages and/or statutory damages, punitive damages, costs and attorney's fees from Defendant in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and § 1681o.

**Response:** Defendant denies the allegations in Paragraph 97 of the SAC.

## **GENERAL DENIAL**

To the extent any paragraph, sentence, sub-paragraph, statement or allegation in the SAC is neither expressly admitted nor denied by the foregoing responses, answers and defenses, the same is hereby specifically denied. Furthermore, Defendant specifically denies that Plaintiffs are entitled to any of the relief sought.

## ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs or any putative class member is entitled to any of the relief requested in the SAC.

## AFFIRMATIVE AND ADDITIONAL DEFENSES

Defendant asserts the following defenses without assuming any burden of production or proof, except as required by applicable law with respect to the particular defense asserted. Defendant reserves the right to plead any additional affirmative or other defenses as they become known or available during the pendency of this action.

## FIRST DEFENSE

Plaintiffs' claims against Defendant must be dismissed because this Court lacks personal jurisdiction over Defendant, as stated in Defendant's Motion to Dismiss the SAC and Memorandum of Law in Support.

## SECOND DEFENSE

Plaintiffs' claims against Defendant must be dismissed because this Court is not the proper venue for Plaintiffs' claims against Defendant as stated in Defendant's Motion to Dismiss the SAC and Memorandum of Law in Support.

## THIRD DEFENSE

Plaintiffs' claims against Defendant must be dismissed because they fail to state a viable cause of action against Defendant.

## FOURTH DEFENSE

Plaintiffs' claims and/or the putative class members' claims are barred in whole or in part to the extent they occurred and/or accrued outside of the applicable statutes of limitations.

## FIFTH DEFENSE

To the extent that Plaintiffs and/or putative class members have failed to mitigate their alleged damages, Plaintiffs and/or the putative class members' claims for relief are barred.

## SIXTH DEFENSE

To the extent Plaintiffs' purported class includes individuals who suffered no concrete harm, such individuals lack standing to bring suit against Defendant or otherwise are not in the zone of interests that Congress intended to protect under the FCRA.

## SEVENTH DEFENSE

Any damages sustained by Plaintiffs and/or putative class members were not proximately caused by Defendant.

## EIGHTH DEFENSE

Plaintiffs and/or putative class members are not entitled to punitive or statutory damages because Defendant did not engage in willful or knowing violation of any law and Plaintiffs cannot otherwise meet the requirements of 15 U.S.C. § 1681n to recover statutory or punitive damages.

## NINTH DEFENSE

Defendant is not a "consumer reporting agency" as defined under the law.

## TENTH DEFENSE

Defendant does not sell or prepare "consumer reports" as defined under the law and/or in the alternative, the challenged communications would fall into a statutory exception from the definition of "consumer report," *e.g.*, 15 U.S.C. § 1681a(y).

## ELEVENTH DEFENSE

Defendant does not maintain consumer "files" on individuals as defined under the law.

## TWELFTH DEFENSE

Plaintiffs cannot recover from Defendant in a class action to the extent such class recovery would deprive Defendant of its due process rights to assert individualized defenses to claims of class members. Plaintiffs cannot recover from Defendant individually or as a class action for punitive or statutory damages on the grounds that any award of punitive or statutory damages would be impermissible under the Due Process Clause of the Fifth Amendment to the United States Constitution, and the Excessive Fines Clause of the Eighth Amendment to the United States Constitution, due to the lack of any actual damages suffered by Plaintiffs and the gross disparity between the allegations of harm and the size of the claim. Stating further, any award of punitive or statutory damages would violate the constitutional standards enunciated in cases such as *BMW of N. Am., Inc. v. Gore*, 517 U.S. 559 (1996), and *State Farm Mut. Auto. Ins. Co. v. Campbell*, 538 U.S. 408 (2003).

## THIRTEENTH DEFENSE

To the extent one or more Plaintiffs or putative class members have waived, released and received payment and satisfaction for their claims, such Plaintiffs' and/or putative class members' claims are barred.

## FOURTEENTH DEFENSE

Plaintiffs' claims and/or the putative class members' claims under 15 U.S.C. § 1681c are barred in the alternative in whole or in part to the extent that discovery reveals that the challenged communication was an "exempted case" Section 1681c(b).

## FIFTEENTH DEFENSE

Plaintiffs' claims and/or the putative class members' claims must be dismissed to the extent that discovery reveals that the claims of Plaintiffs and/or the putative class members

required to be arbitrated in individual arbitration because the claims are encompassed in arbitration agreements with related third-parties.

## SIXTEENTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class members are barred in whole or in part to the extent that as applied to their claims, the FCRA provisions at issue would violate the U.S. Constitution's First Amendment right to free speech or any relevant state constitution's right to free speech. By way of example, apparently as construed by Plaintiffs, the FCRA would impermissibly prohibit Defendant from developing a technology for its customers to access information already provided by public entities without any of the limitations Plaintiffs now seek to impose on Defendant merely because Defendant is a private non-government entity.

## SEVENTEENTH DEFENSE

Plaintiffs' claims and/or the claims of the putative class members are barred in whole or in part to the extent that as applied to their claims, the FCRA provisions at issue would violate Defendant's constitutional right to due process as the FCRA would be unconstitutionally vague. By way of example, if even the conduct alleged by Plaintiffs is sufficient to transform Defendant into a "consumer reporting agency," the definition of "consumer reporting agency" is then too vague to provide adequate notice of the FCRA's coverage.

WHEREFORE, Defendant respectfully requests that the Court dismiss with prejudice the SAC in its entirety for the reasons stated herein and for those contained in Defendant's Motion to Dismiss the SAC and Memorandum of Law in Support and that the Court award Defendant any such relief as the Court deems just and proper which may include but not be limited to Defendant's costs and expense incurred herein.

Dated: November 18, 2019.

Respectfully submitted,

RAPIDCOURT, LLC

By: _____ */s/ Steven D. Brown* _____
Counsel

Steven D. Brown (VSB No. 42511)
Lindsey A. Strachan  (VSB No. 84506)
ISLERDARE P.C.
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile:  (804) 234-8234
Email: sbrown@islerdare.com

Henry R. Chalmers*
Georgia Bar No. 118715
henry.chalmers@agg.com
Edward P. Cadagin*
Georgia Bar No. 647699
edward.cadagin@agg.com
Morgan Harrison*
Georgia Bar No. 470983
Morgan.harrison@agg.com
ARNALL GOLDEN GREGORY LLP
*admitted *pro hac vice*

171 17th Street, N.W., Suite 2100
Atlanta, Georgia 30363
Telephone: 404-873-8500
Facsimile: 404-873-8501
*Counsel for Defendant RapidCourt, LLC*

## CERTIFICATE OF SERVICE

I certify that on this 18th day of November, 2019, I electronically filed the foregoing DEFENDANT'S ANSWER AND AFFIRMATIVE AND ADDITIONAL DEFENSES TO PLAINTIFFS' SECOND AMENDED CLASS ACTION COMPLAINT using the Court's CM/ECF filing system, which will provide notice of the filing of this document to the following counsel of record:

Leonard A. Bennett, Esq.
Elizabeth W. Hanes, Esq.
Craig C. Marchiando, Esq.
CONSUMER LITIGATION
ASSOCIATES, P.C.
763 J. Clyde Morris Blvd., Suite 1-A
Newport News, Virginia 23601
lenbennett@clalegal.com
elizabeth@clalegal.com
craig@clalegal.com

E. Michelle Drake, Esq.*
Joseph C. Hashmall, Esq.*
Berger Montague PC
43 SE Main St., Suite 505
Minneapolis, MN 55414
emdrake@bm.net
jhashmall@bm.net
*admitted *pro hac vice*
*Counsel for Plaintiffs*

Kristi Cahoon Kelly, Esq.
Andrew J. Guzzo, Esq.
KELLY GUZZO PLC
3925 Chain Bridge Road, Suite 202
Fairfax, Virginia 22030
kkelly@kellyguzzo.com
aguzzo@kellyguzzo.com
*Counsel for Plaintiffs*

By:  _____/s/Steven D. Brown_____
Steven D. Brown (VSB No. 42511)
ISLERDARE P.C.
411 East Franklin Street, Suite 203
Richmond, Virginia 23219
Telephone: (804) 489-5500
Facsimile:  (804) 234-8234
Email: sbrown@islerdare.com

*Counsel for RapidCourt, LLC*