OWEN SPENDLOVE, et al.,
Individually and as
Representatives of
the Class,

    Plaintiffs,

v.                          Civil Action No. 3:18-cv-856

RAPIDCOURT, LLC,

    Defendant.

## MEMORANDUM OPINION

This matter is before the Court on PLAINTIFF'S MOTION TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 72). Having considered the supporting, opposing, and reply memoranda, and for the reasons stated below, PLAINTIFF'S MOTION TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 72) will be granted in part and denied in part.

## BACKGROUND

### A. General Factual Background

This matter arises out of a class action under the Fair Credit Reporting Act, 15 U.S.C. § 1681, et seq. ("FCRA") brought by Plaintiffs Owen Spendlove and Jacob Cross ("Plaintiffs") against RapidCourt, L.L.C. ("RapidCourt"). The gravamen of the case is Plaintiffs' assertion that RapidCourt unlawfully reported to

Checkr, Inc. ("Checkr"), a third-party consumer reporting agency not a party in this case, information that Checkr then reported to the Plaintiffs' potential employers in violation of the FCRA. See Pls.' Second Am. Class Action Compl. (ECF No. 113) ¶¶ 1-12.

Plaintiffs allege that RapidCourt willfully violated the FRCA by (1) reporting adverse non-conviction information from Virginia older than seven years in violation of § 1681(c)(1); (2) failing to provide consumers with timely notice of the fact that it had furnished an employment report containing adverse information while not following strict procedures designed to ensure that it does not report incomplete or outdated public records in violation of § 1681(k)(a); and (3) failing to provide full copies of consumers' files upon request in violation of § 1681(g). Id. ¶ 1.

## B. Background

RapidCourt filed a Motion to Dismiss or, in the Alternative, Transfer Venue. (ECF No. 25). In response, the Plaintiffs moved the Court to permit jurisdictional discovery. PLS.' MOT. TO PERMIT JURISDICITIONAL DISC.(ECF No. 32). On May 3, 2019, the Court granted Plaintiffs' motion, ordering that "jurisdictional discovery shall proceed forthwith." (ECF No. 44). Thereafter, the Parties proposed a Scheduling Order within the parameters set by the Court for the conduct of jurisdictional discovery. (ECF No. 46). Subsequent scheduling orders were entered relating to both the class certification and jurisdictional discovery deadlines,

revising the original deadlines established by the Court. (ECF
Nos. 49, 67).

The discovery disputes at hand arose out of RapidCourt's
objections to Plaintiff's discovery requests. On May 8, 2019,
Plaintiffs served RapidCourt with Plaintiffs' First Set of
Interrogatories and First Set of Document Requests. On May 17,
2019, RapidCourt served its Initial Disclosures to the Plaintiffs.
RapidCourt amended its Initial Disclosures on July 26, 2019. See
Fed. R. Civ. P. (a)(1)(A) (outlining the requirements for initial
disclosures). Following several meet and confer sessions,
RapidCourt supplemented its interrogatory responses on July 14,
2019, June 21, 2019, July 3, 2019, and August 20, 2019. On June
20, 2019 and August 20, 2019, RapidCourt supplemented its responses
to Plaintiffs' First Set of Document Requests.

On May 31, 2019, Plaintiffs served RapidCourt with
Plaintiffs' Second Set of Interrogatories and Plaintiffs' Second
Set of Requests for Production, to which RapidCourt responded on
July 1, 2019. The parties met and conferred, and RapidCourt
supplemented its responses on August 20, 2019. (ECF No. 73-4).

On June 19, 2019, Plaintiffs served RapidCourt with
Plaintiffs' Third Set of Interrogatories and Third Set of Request
for Production. RapidCourt responded on July 19, 2019 and
supplemented its responses to Plaintiffs' Request for Production
on August 20, 2019. In addition, on June 18, 2019, Plaintiffs

3

made a Rule 34 Request requesting that RapidCourt permit Plaintiffs' counsel and a proposed expert witness to access to RapidCourt's property in order to inspect and copy the user interface clients utilize to access court records, the computer software and underlying source code, and to conduct a search of Virginia records for Plaintiffs Spendlove and Cross. See ECF No. 73, Ex. 8 at 2-3. The Parties met and conferred on Plaintiffs' request, and RapidCourt responded to this request on August 20, 2019. On August 30, 2019, Plaintiffs moved the Court to compel Defendant RapidCourt to provide full and complete responses to certain discovery requests and to prohibit RapidCourt from presenting evidence and witnesses not previously disclosed. PLS.' MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 72) at 1.

## DISCUSSION

### A. Analysis of RapidCourt's Objections

The first part of the analysis is to assess RapidCourt's objections in perspective of the Plaintiffs' arguments. The Plaintiffs make a number of arguments relating to RapidCourt's alleged failures to provide full and complete responses to certain discovery requests. Plaintiff's arguments can be distilled down to five main issues, which are discussed in turn below: (1) RapidCourt's use of general form objections throughout its discovery responses; (2) RapidCourt's production of only the documents that it deemed as relevant and responsive; (3)

4

RapidCourt's determination of the scope of relevant jurisdictional discovery; (4) Plaintiffs' requests to inspect RapidCourt's RCX product and gain access to RapidCourt's database; and (5) RapidCourt's objections to the Plaintiff's class certification discovery requests.

### a. RapidCourt's Use of General Objections

First, the Plaintiffs object to RapidCourt's use of "general objections."[1] A review of the record on this issue shows that, in response to every interrogatory and document request, RapidCourt makes what it calls "common specific objections," which include objections for asserted relevance, overbreadth, and burden.

Plaintiffs argue that these objections do not comply with the Federal Rules of Civil Procedure, which require objections to be stated with specificity. RapidCourt responds by arguing that the objections at issue are "common specific objections," not general objections. They are, says RapidCourt, instead thoroughly explained objections that apply to several specifically identified discovery requests. See DEF.'S MEMO. IN OPPOSITION TO PLS.' MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 84) at 4.

The analysis of the competing views begins with the governing principle that the grounds for objecting must be "stated with

---

[1] See PLS.' MEM. IN SUPP. OF MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 73) at 6-7; PLS.' REPLY BRIEF IN SUPP. OF THEIR MOTI. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 88) at 4-6.

specificity. Any ground not stated in a timely objection is waived unless the court, for good causes, excuses the failure." Fed. R. Civ. P. 33(b)(4). In addition, any objection to a request for production of documents must be specifically stated, and the producing party must permit inspection of the non-objectionable part. Fed. R. Civ. P. 36(a)(5)-(6).

The necessary corollary to these basic principles is that:

> [g]eneric, non-specific objections will not suffice when posed in response to reasonable Interrogatories. Objections to reasonable Interrogatories must be specific to each Interrogatory and explain or demonstrate precisely why or how the party is entitled to withhold from answering.

VICA Coal Co., Inc., v. Crosby, 212 F.R.D. 498, 503 (S.D.W. Va. 2003).

That fundamental precept is rather widely accepted, albeit is often stated somewhat differently. For example, in Barb v. Brown's Buick, Inc., No. 1:09-cv-785, 2010 WL 446638, at *1 (E.D. Va. Feb. 2, 2010), the Court explained that Fed. R. Civ. P. 33 requires objections to discovery requests (interrogatories) to be made with specificity. For that reason, this Court discourages the use of "general objections." Id. In Mills v. E. Gulf Coal Prep. Co., 259 F.R.D. 118, 132 (S.D. W. Va. 2009), the principle was applied to objections to document requests posited under Fed. R. Civ. P. 34, holding that such "objections must be stated specifically, and boilerplate objections regurgitating words and phrases from Rule

26 are completely unacceptable." Id.; see also Cappetta v. GC Servs. Ltd., No. 3:08-cv-288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008); Hanawha Azdel, Inc. v. C&D Zodiac, Inc., No. 6:12-cv-00023, 2013 WL 3660562, at *5 (W.D. W. Va. July 11, 2013).

The principle problems with general objections are that (1) they reach so broadly that the requesting party cannot determine what is being answered or responded to and what is not; and (2) the generality obscures what the general objection is foreclosing from discovery. Thus, use of the general objection precludes meaningful negotiation in the meet and confer process (which appears to have happened here), and it allows the producing party a degree of control over the discovery process not intended by the federal discovery rules.

Those problems are exacerbated where, as here, there is a general objection on attorney-client and work-product privilege. Here, RapidCourt said:

> RapidCourt objects to Request Nos. 3, 5, and 7, 9, 10 to the extent that these Requests seek documents protected from disclosure by the attorney-client communication privilege and/or the attorney work product doctrine.

ECF. No. 73, Ex. 3 at Common Specific Obj. 3.

Such an objection tells neither the Plaintiffs nor the Court what is privileged or why it is asserted.

Privilege claims must be raised by a timely filed, legally sufficient privilege list. See Fed. R. Civ. P. 26(b)(5) (stating

7

that a party claiming a privilege must expressly make the claim and describe the nature of the documents so as to enable other parties to assess the claim); ECF No. 42, Ex. 1 at 3 ("If a party objects to the production of documents on the grounds of attorney-client privilege, attorney work product doctrine, or any other privilege, the objecting party must provide the requesting party with an inventory list of the documents to which objection is made, . . .").

Yet another example of the kind of problem created by general objections is found in RapidCourt's general objection as to time frame and proportionality. It states:

> RapidCourt objects to Request Nos. 5 and 7 as seeking documents that are not relevant to the limited scope of permissible discovery and that are not proportional to the needs of the case because these Requests are not limited in temporal scope.

ECF No. 73, Ex. 3 at Common Specific Obj. 2.

The objection is insufficient to tee up either the temporal question or the issue of proportionality.

Having reviewed RapidCourt's so-called "common specific objections," the Court finds that all of them are general objections and that they all are improper. All of RapidCourt's general objections will be overruled and stricken.

### 1. RapidCourt's General Objections to Relevance

In its "common specific objections," RapidCourt objects to

8

several discovery requests on the basis that the information sought is not relevant to the case. See, e.g., ECF No. 73, Ex/ 2 at 4; ECF No. 73, Ex. 3 at 2-3; ECF No. 73, Ex. 4 at 2; ECF No. 73, Ex. 5 at 2-3. RapidCourt argues that the information sought "is not relevant to Plaintiffs' contention that RapidCourt is subject to specific personal jurisdiction in the Commonwealth of Virginia." ECF No. 73, Ex. 2 at 3. On another occasion, Rapid Court objects to requests on the basis that the requests "are not relevant to the limited scope of permissible discovery and that are not proportional to the needs of the case because these Requests are not limited in temporal scope." ECF No. 73, Ex. 3 at 3. Plaintiffs seek to overrule RapidCourt's General Objections to Relevance and to compel full compliance.

Fed. R. Civ. P. 26 governs the scope of discovery requests, providing as follows:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense—including the existence, description, nature, custody, condition, and location of any documents or other tangible things and the identity and location of persons who know of any discoverable matter. For good cause, the court may order discovery of any matter relevant to the subject matter involved in the action. Relevant information need not be admissible at the trial if the discovery appears reasonably calculated to lead to the discovery of admissible evidence.

Fed. R. Civ. P. 26(b)(1). Relevance is broadly construed to

include "[a]ny matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 (1978) (citations omitted). RapidCourt claims that its relevance objections are not "general objections" but are rather thoroughly-explained "common specific objections" that apply only to several specifically identified discovery requests. However, the relevance objections are not specific. For a relevance objection to be adequate, it must be "plain enough and specific enough so that the court can understand in what way the interrogatories [or document requests] are alleged to be objectionable." Panola Land Buyers Ass'n v. Shuman, 762 F.2d 1550, 1559 (11th Cir. 1985).

RapidCourt's General Objections to Relevance are framed in such general terms so as not to comply with the requirements of Rules 26 and 33. Having reviewed RapidCourt's so-called "common specific objections" as to relevance and having concluded that they are general objections to relevance that do not satisfy the "plain and specific" requirement so well-outlined in Panola Land, those objections are overruled.

## 2. RapidCourt's Overbroad and Unduly Burdensome Objections

Also, in its "common specific objections," RapidCourt objects to several interrogatories and document requests as "overbroad and unduly burdensome because these interrogatories are not limited in temporal scope, and therefore they seek irrelevant information and

also are not proportional to the needs of the case." ECF No. 73, Ex. 2 at 3. However, just as objections for relevance, "merely stating that a discovery request is 'overbroad' or 'unduly burdensome' will not suffice to state a proper objection." Cappetta v. GC Services Ltd., No. 3:08cv288, 2008 WL 5377934, at *3 (E.D. Va. Dec. 24, 2008) (citing Josephs v. Harris Corp., 677 F.2d 985, 991 (3d Cir 1982)). Under Fed. R. Civ. P. 26(b)(2)(C)(iii), the Court is required to "limit the frequency or extent of discovery" if "the burden or expense of the proposed discovery outweighs its likely benefit, considering the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the action, and the importance of the discovery in resolving the issues." Fed. R. Civ. P. 26(b)(2)(C)(iii). However, a party objecting to a discovery request as overly burdensome must submit affidavits or other evidence demonstrating the nature and extent of the asserted burden. Id. (citing Momah v. Albert Einstein Med. Ctr., 164 F.R.D. 412, 417 (E.D. Pa. 1996) (internal citations omitted)).

RapidCourt has provided no affidavit or other evidence indicating why any of the Plaintiffs' discovery requests are overbroad or unduly burdensome. Therefore, RapidCourt's general objections as to the overbroad and unduly burdensome scope of Plaintiffs' requests (interrogatories and document requests) are overruled.

11

### 3. RapidCourt's Privilege Objections

Third, within its "common specific objects," RapidCourt objects to several of Plaintiffs' discovery requests on the basis that "these Requests seek documents protected from disclosure by the attorney-client communication privilege and/ or the attorney work product doctrine." ECF No. 73, Ex. 3 at 3; ECF No. 73, Ex. 5 at 2.

Fed. R. Civ. P. 26(b)(5) requires that, "when a party withholds information otherwise discoverable by claiming that the information is privileged" the party must "describe the nature of the documents, and do so in a manner that, without revealing information itself privileged or protected, will enable other parties to assess the claim." Fed. R. Civ. P. 26(b)(5). It is not enough that a party assert an attorney-client or work product doctrine privilege. See, e.g., Westfield Ins. Co. v. Carpenter Reclamation, Inc., 301 F.R.D. 235, 247 (S.D. W. Va. 2014) ("Westfield's assertion of 'attorney-client privilege and/ or the word product doctrine' is too general and will not suffice."). Parties seeking the protection of these privileges must submit timely and adequate privilege logs.

Here, RapidCourt has not provided any sort of privilege log pertaining to the documents referred to in its "common specific objections" nor has RapidCourt explained with specificity why the

attorney-client or work-product privileges apply. Thus, RapidCourt's general objections as to work-product and attorney-client privilege are overruled.

## b. RapidCourt's Production of Only Documents that It Deems Relevant

Plaintiffs next assert that RapidCourt impermissibly narrowed its responses to Plaintiff's discovery requests relevant to the jurisdictional inquiry. PLS.' MEMO. IN SUPP. OF MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 73) at 8. Specifically, Plaintiffs argue that RapidCourt objected to Plaintiffs' Interrogatory Numbers 1-5 because "they seek information that is not relevant to Plaintiffs' contention that RapidCourt is subject to specific personal jurisdiction in the Commonwealth of Virginia" is impermissible. ECF No. 73, EX. 2 at 3. Plaintiffs contend that this response is unacceptable because it qualifies Plaintiffs' document production requests as only producing documents that RapidCourt considers relevant and thus limits RapidCourt's responses to only "information and documents" specifically related to the named Plaintiffs.

Fed. R. Civ. P. 26(b)(1) provides that "[p]arties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, . . . Information within this scope of discovery need not be admissible in evidence to be discoverable." Fed. R. Civ.

P.26(b)(1).    Relevancy is broadly construed to include any information if there is "any possibility" it may be relevant to any claim or defense. See, e.g., Johnson v. Kraft Foods, 236 F.R.D. 535, 541 (D. Kan. 2006). When discovery sought appears relevant on its face, "the party resisting the discovery has the burden to establish that the requested discovery does not come within the scope of relevance, . . . or is of such marginal relevant that the potential harm occasioned by discovery would outweigh the ordinary presumption in favor of broad disclosure." Id.

For reasons previously stated, it is improper for RapidCourt to unilaterally withhold information or documents that are responsive to a discovery request by stating that "all relevant, non-privileged" responsive information will be produced. See Kraftfoods, 236 F.R.D. at 541. As explained in Kraft:

> In response to many of Defendant's requests for production and interrogatories, Plaintiff asserts that he has produced, or will produce, 'relevant, non-privileged' responsive documents.    Defendants argue use of this language implicitly challenges the relevancy of the request and such a challenge is procedurally improper. The Court agrees.
> . . .
> In other words, a party may not unilaterally withhold information or documents that are responsive to a discovery request aby stating that 'all relevant, non-privileged' responsive information or documents have been, or will be, produced. If a party intends to withhold information or documents responsive to a discovery request based on lack of relevancy, an objection based on lack of relevancy must be lodged in the responsive

14

pleading.

Johnson v. Kraft Foods N. Am., Inc., 236 F.R.D. 535, 541 (D. Kan. 2006); see also Alexander v. F.B.I., No. CIV. 96-2123, 1997 WL 1106579, at *1 (D.D.C. Dec. 22, 1997).

Hence, RapidCourt's objection is overruled. By asserting an improper objection, RapidCourt has spent its ammunition on the relevance ground wastefully. It now must pay the price and provide the requested discovery.

### c. RapidCourt's Definition of the Scope of Jurisdictional Discovery

Plaintiffs next assert that RapidCourt's interpretation of what information is relevant to the jurisdictional analysis is legally erroneous because it is too too narrow. PLS.' MEMO. IN SUPP. OF MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 73) at 9. Specifically, Plaintiff asserts that RapidCourt has either refused to answer or has qualified its responses based upon its interpretation of the scope of specific jurisdiction. See ECF No. 73, Ex. 2. That issue has been fully briefed. For the most part, Plaintiffs are correct in their interpretation of what constitutes relevant jurisdictional discovery.

The Due Process Clause of the Fourteenth Amendment limits the power of a State to assert jurisdiction over a nonresident defendant. Pennoyer v. Neff, 95 U.S. 714 (1878). A State's judicial power over persons not within its borders can be

15

undertaken by two approaches: by finding specific jurisdiction based on the conduct connected to the suit or by a finding of general jurisdiction. <u>See Helicopteros Nacionales de Colombia, S.A. v. Hall</u>, 466 U.S. 408. 414 (1984). As the Fourth Circuit articulated:

> [i]f the defendant's contacts with the State are also the basis for the suit, those contacts may establish specific jurisdiction. In determining specific jurisdiction, we consider (1) the extent to which the defendant 'purposefully availed' itself of the privilege of conducting activities in the State; (2) whether the plaintiffs' claims arise out of those activities directed at the date; and (3) whether the exercise of personal jurisdiction would be constitutionally 'reasonable.'

<u>ALS Scan, Inc. v. Digital Service Consultants, Inc.</u>, 293 F.3d 707, 712 (4th Cir. 2002).

RapidCourt takes the position that the second element of the three-part test, whether the plaintiffs' claims arise out of those activities directed at the state, "renders relevant only those documents and information relating to contacts with Virginia that form the 'basis of Plaintiffs' specific claims.'"[2]  However, that position is both unreasonable and is at odds with applicable decisions.  Plaintiffs are entitled to discovery on each of the three elements articulated in the three-part test.  As the

---

[2] <u>See</u> DEF.'S MEMO. IN OPP'N TO PLS.' MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 84) at 7.

16

Plaintiffs correctly point out, the cases cited by RapidCourt speak to the merits of what is *determinative* in a specific jurisdiction inquiry, not to what is *relevant* for purposes of specific jurisdiction discovery.[3]   Contrary to RapidCourt's position, Plaintiffs are entitled to discovery related to the first element of the ALS Scan test, the extent to which the defendant purposefully availed itself of the privilege of conducting activities in the State.

While there is no clear formula for determining what constitutes "purposeful availment", the Fourth Circuit has provided a number of factors to be considered, including:

> whether the defendant maintains offices or agents in the forum state; whether the defendant owns property in the forum state; whether the defendant reached into the forum state to solicit or initiate business; whether the defendant deliberately engaged in significant or long-term business activities in the forum state; whether the parties contractually agreed that the law of the forum state would govern disputes; whether the defendant made in-person contact with the resident of the forum in the forum state regarding the business relationship; the nature, quality and extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum.

Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 272, 278

---

[3] See DEF.'S MEMO. IN OPP'N TO PLS.' MOT. TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 84) at 7-11; Pl.'s RPLS.' REPLY BR. at 5.

(4th Cir. 2009); see also Reynolds Foil, Inc. v. Pai, No. 3:09cv657, 2010 WL 1225620, at *3 (E.D. Va. Mar. 25, 2010); Gillison v. Lead Express, Inc., No. 3:16cv41, 2018 WL 6537151, at *5 n.19 (E.D. Va. Dec. 12, 2018). These decisions teach that the Plaintiffs are entitled to discoverable information relevant to whether RapidCourt solicited customers in Virginia, held contracts with Virginia business for the purpose of obtaining or transmitting records to customers, or accessed or transmitted Virginia records to third parties. Indeed, the Plaintiffs are entitled to discovery about every factor described in Geometric. RapidCourt's objections to the discovery requests at issue are based on a strained and untenable view of the ALS Scan test. For these reasons, RapidCourt's objections based on that view are overruled. RapidCourt must fully respond to Plaintiffs' discovery requests to include information responsive to jurisdictional discovery. See ECF No. 73, Ex. 2 at 4-16 (ROGs 1, 2, 3, 4, 5, 8); ECF No. 73, Ex. 3 at 4-12 (RFPs 4-7, 9-10, 12-14).

### d. Inspection of RapidCourt's RCX and Database Products

Plaintiffs also served a request for inspection seeking access to: (1) RapidCourt's software that runs its RCX system; and (2) RapidCourt's database product. See ECF No. 73, Ex. 8; ECF No. 73, Ex. 9 (RFP 22). The RCX system and RapidCourt's database represent separate services offered by RapidCourt and will each be discussed in turn below.

## 1. **Access to RapidCourt's RCX Product**

First, Plaintiffs requested that RapidCourt allow an expert to have access to: (1) RapidCourt's user interface that access court records for consumers with Virginia addresses; (2) a complete set of screenshots for all screens in the user interface; (3) the complete software, including source code, that operates the system; and (4) login credentials for purposes of allowing Plaintiffs' expert to access these technologies as a user, and then to conduct a search of Virginia records for plaintiffs Spendlove and Cross. See ECF No.73, Ex. 8. In response to Plaintiffs' request, RapidCourt agreed through e-mail to work with the Plaintiffs to allow their expert to conduct a sample search "for Virginia court records by using RapidCourt's RCXpress technology, as would a customer of RapidCourt." See ECF No. 73, Ex. 9 (detailing the July 18, 2019 e-mail from RapidCourt's counsel to Plaintiff's counsel). Nevertheless, Plaintiffs argue that RapidCourt's offer only provides them with "minimal insight in to the kinds of records that users see when they use Defendant's system, . . ." See PLS.' MEMO. IN SUPP. OF MOT. TO COMPEL AND RULE 37(c)(1) SANCTIONS (ECF No. 73) at 16-18.

As previously stated, the Federal Rules provide for liberal discovery. "Parties may obtain discovery regarding any matter, not privileged, that is relevant to the claim or defense of any party." Fed. R. Civ. P. 26(b)(1). In interpreting this provision,

19

courts have required consumer reporting agencies to produce source code and/ or algorithm information demonstrating how their software works when relevant to the litigation at issue. See, e.g., Fair Isaac Corp. v. Equifax, Inc., No. 06-4112 ADM/JSM, 2007 WL 2791168, at \*5 (finding that "Fair Isaac's need for the algorithm information to litigate its misappropriation and contract claims outweighs the harm to Defendants under the terms of an appropriate protective order").

RapidCourt has described the technology it uses to facilitate access to public record information, or the RCX System, as "direct to source technology."[4]    RapidCourt states that, "To the extent Checkr may have utilized the RapidCourt technology to access public records data relating to Owen Spendlove, Jacob Cross, or any other putative class member, Checkr would have done so through electronic transmission with the use of the RapidCourt direct to source technology, which technology is hosted on RapidCourt's secure, non-public server in North Carolina." Id.    RapidCourt also admits that the "Plaintiffs justifiably seek information regarding RapidCourt's RCX technology, as that is the product used to access Plaintiffs' information at issue in the case." Id.

Under ALS Scan and Geometric, the reach of relevant jurisdictional discovery includes, among other things, information

---

[4] MEMO. OF LAW IN SUPP. OF DEF.'S MOT. TO DISMISS (ECF No. 16) at 5.

20

relevant to whether the defendant deliberately engaged in significant or long-term business activities in the forum state; the nature, quality and extent of the parties' communications about the business being transacted; and whether the performance of contractual duties was to occur within the forum. Consulting Engineers Corp. v. Geometric Ltd., 561 F.3d 272, 278 (4th Cir. 2009). The RCX product allows RapidCourt's subscribers to gain access to courthouse website portals and to access information on their websites in real time. Based on the information provided by the RapidCourt about the RCX Technology, the precise mechanics of how the RCX technology searches and accesses public records in Virginia, how it stores the records, and how the technology presents the records to its clients all are directly relevant to ascertaining the nature and extent of RapidCourt's contacts with the state of Virginia as they pertain to personal jurisdiction. It is therefore necessary for Plaintiffs to determine precisely how the RCX Technology at issue works and fits into the underlying claims. The Plaintiffs will be permitted to thoroughly examine the RCX Technology. This will include allowing the Plaintiffs' expert access to the interface clients use to access court records for consumers with Virginia addresses, screenshots within the user interface, source code for the technology, and login credentials allowing Plaintiffs access to a user for an extended period of time. Counsel will be required to confer and to submit an

21

appropriate Order providing the details for that access and for protection of RapidCourt's information.

## 2. Access to RapidCourt's Database

The Plaintiffs also request access to RapidCourt's database. ECF No. 73, Ex. 9. According to RapidCourt, it maintains, separately from its RCX product, a database containing public records information. RapidCourt's subscribers have the options of choosing whether to conduct a search related to the database entirely separate from their search using the RCX technology.

Plaintiffs claim that access to the information within the database is necessary to find information relevant to class certification, as well as information related to RapidCourt's contacts within Virginia. The record made by Plaintiffs show that the information within the database contains information directly relevant to whether RapidCourt purposefully availed itself of the privilege of conducting activities in Virginia. Plaintiffs have provided evidence that RapidCourt sold information from one of its databases regarding Plaintiff Spendlove on March 1, 2016 to a third-party. Thus, even if Checkr did not perform a search of the database as it pertains Plaintiffs Cross and Spendlove, it appears, based on the information provided by the Plaintiffs, that the database contains information relating to Plaintiffs Cross and Spendlove, as well as information regarding other putative class members. If, as appears to be the case, the database contains

22

public records from Virginia that are sold to third parties, the database will likely contain information relevant to jurisdictional issues, namely the extent of the business RapidCourt conducts in Virginia. Therefore, the Court will allow the Plaintiffs' expert to examine the database and the Plaintiffs to conduct a deposition under Fed. R. Civ. P. 30(b)(6) to determine how the database is used by RapidCourt's clients and to determine how use of the database pertains to the underlying claims in the case.

### e. RapidCourt's Objections to the Class Certification Requests

Last, the Plaintiffs alleged that RapidCourt has withheld discoverable information and documentation relevant to class certification, specifically information relating to: (a) putative class members; (b) RapidCourt's designation as a credit reporting agency; and (c) the identity of, and communications with, third-party vendors.

Rule 26(b)(1) allows parties to "obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs to the case, . . " Fed. R. Civ. P. 26(b)(1). Once the moving party has established that the information requested is within the scope of permissible discovery, the burden shifts "to the opposing party to specify how the discovery request is irrelevant, overly broad, burdensome, or oppressive." Khalilpour v. CELLCO P'ship, No. C 09-02712, 2010 WL

1267749, at *3 (N.D. Cal. Apr. 1, 2010); see also Oppenheimer Fund, Inc. v. Sanders, 437 U.S. 340, 353 n.17 (1978). Furthermore, the decision of whether "to permit discovery of contact information for putative class members prior to conditional certification of a case lies within the discretion of the district court." Pontones v. San Jose Restaurant, No. 5:18cv219-D, 2019 WL 1548897, at *2 (E.D.N.C. Apr. 9, 2019). And, courts are likely to "permit pre-certification discovery if it would substantiate the class allegations." Reed v. 1-800 Contacts, Inc., No. 12cv2359-JM (BGS), 2013 WL 12092055, at *2 (S.D. Cal. Mar. 8, 2013) (citing Vallabharpurapu v. Burger King Corp., 276 F.R.D. 611, 615 (N.D. Cal. 2011)).

### 1. Requests for Production 22 and 23

Plaintiff's Request for Production 22 and 23 both request information regarding putative class member information.

Request for Production Number 22 requests "all documents that reflect or provide the information necessary to determine the names and identities of each putative class member" while Request for Production Number 23 requests "all documents referring to the amount of payment made to any independent contractor, subcontractor, vendor, or related entity that provided you with any information regarding the Plaintiffs and putative class members." RapidCourt objects to these requests on the basis that the Plaintiffs are requesting class member information when no

24

class has yet to be certified. Unlike the information sought in Pontones v. San Jose Restaurant, which the court found as irrelevant to class certification, the information sought in Requests 22 and 23 are relevant to identifying putative class members. 2019 WL 1548897, at *2 (E.D.N.C. Apr. 9, 2019). The fact that a discovery request seeks information related to a class that has not been certified is not by itself sufficient to deny production.

In response to Request for Production Number 22, RapidCourt must provide a list of the names and identities of all potential class members. In response to Request for Production Number 23, RapidCourt must identify any of its customers that have information pertinent to the identity of the class members and provide the identity of its independent contractors and subcontractors that have information related to Plaintiff Cross and Spendlove and the putative class members.

## 2. Requests for Production 28, 29, 30, 31, and 41

Request for Production 28 requests "all documents evaluating whether you are subject to the requirements of the Fair Credit Reporting Act." ECF No. 73, Ex. 5 at 7. RapidCourt objected, asserting relevance, proportionality, and overbreadth. However, RapidCourt's objections are overruled. In a class action under the FCRA, documents relating to whether RapidCourt is subject to the FCRA are clearly relevant and discoverable. RapidCourt has

not established that this request is overly broad or disproportional.

Requests for Production 29, 30, 31, and 37 all request information about RapidCourt's vendors, customers, end-users, and other sources of public record information. ECF No. 73, Ex. 5 at 8, 9, 12. RapidCourt objects to these discovery requests as irrelevant and not proportional to the needs of the case. Objections to Request for Production 28, 29, 30 and 31 are overruled because they seek information that is clearly relevant to class certification and to the common issues of fact and law asserted in the Complaint. The requests for production are clearly relevant and directed to securing discoverable information, but, as RapidCourt says, the requests are broad. However, RapidCourt has not met its burden to demonstrate that the Requests create an undue burden. Nor has RapidCourt explained its proportionality argument.

Request 41 requests "all policy manuals, procedure manuals or other documents, which address your policies, practices or procedures designed to assure the maximum possible accuracy of the consumer reports you sell." ECF No. 73, Ex. 5 at 41. The objection is also overruled because the request is clearly relevant to class certification and to common issues of fact and law that are asserted in the Complaint.

**C. Analysis on Plaintiffs' Request for Sanctions**

The Plaintiffs request that the Court grant relief under Fed. R. Civ. P. 37 by prohibiting RapidCourt from using in any future motion or at trial evidence to counter: (1) Plaintiff's arguments that RapidCourt and its related entities are one cohesive entity; (2) any witness or document in support of RapidCourt's argument that it is inconvenient to litigate in Virginia; (3) any evidence that RapidCourt does not collect Virginia records through third-parties; (4) any evidence that RapidCourt has FCRA compliance procedures in place; and (5) any evidence or argument that accuracy is an individualized question.

The Plaintiffs motion for sanctions was filed pursuant to Fed. R. Civ. P. 37(c)(1) which provides as follows:

> ***Failure to Disclose or Supplement.*** If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>
> > (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
> >
> > (B) may inform the jury of the party's failure; and
> >
> > (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. P. 37(c)(1).

The substance of the Plaintiffs' motion to compel is that RapidCourt did not adequately respond to discovery requests and that RapidCourt's objections were improper, not that RapidCourt violated Rule 26(a) or Rule 26(e) which are focused on disclosures that are to be made, not on discovery requests. Therefore, the invocation of Rule 37(c)(1) is not appropriate. The motion for sanctions will be denied.

### CONCLUSION

For the reasons stated above, PLAINTIFF'S MOTION TO COMPEL AND FOR RULE 37(c)(1) SANCTIONS (ECF No. 72) will be granted in part and denied in part.

/s/　*REP*
_____
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: December _20_, 2019