

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

OWEN SPENDLOVE and JACOB CROSS,
*individually and as representatives of the class*,

        Plaintiffs,

v.                                     Case No. 3:18-cv-00856-REP

RAPIDCOURT, LLC,

        Defendant.

## AMENDED PROTOCOL ORDER

CAME NOW Plaintiffs Owen Spendlove and Jacob Cross (collectively, "Plaintiffs") and Defendant RapidCourt, LLC ("Defendant," and with Plaintiffs, the "Parties"), by and through counsel, and submitted this Amended Protocol Order responding to the instructions set forth in the Court's January 7, 2020 Order (ECF No. 135) regarding inspection of Defendant's technology and databases (collectively, the "databases and RCX product") and amending the Protocol Order entered on January 15, 2020 (ECF No. 138) (the "Protocol Order").

WHEREAS, Plaintiffs moved to compel production and inspection of Defendant's products and database to assist Plaintiffs in, among other things, their attempts to demonstrate ascertainability of the identities of members of Plaintiffs' proposed classes for purposes of seeking class certification and jurisdiction; and

WHEREAS, the Parties have engaged in substantial meet and confer efforts regarding this discovery and the question of ascertainability;

14603058v3

WHEREAS, the Parties negotiated and agreed upon the Protocol Order, as instructed by the Court, detailing the scope and process for access to Defendant's databases and systems, including the necessary protections of Defendant's confidential and proprietary and trade secret information, as well as non-party consumers' information in Defendant's products and databases;

WHEREAS, in the course of performing under the Protocol Order, and upon further analysis, the Parties have conferred and agreed on a proposed alternative procedure to more efficiently provide Plaintiffs with the full access set forth in the Court's December 23, 2019 Memorandum Opinion (ECF No. 132);

WHEREAS, the Parties have therefore agreed upon this proposed Amended Protocol Order; and

WHEREAS, the Parties are engaged in productive settlement negotiations that are likely to result in a resolution of this civil action within in the next two weeks;

UPON CONSIDERATION WHEREOF, for good cause shown, it is hereby ORDERED, ADJUDGED, and DECREED as follows:

1. On or before February 14, 2020, Defendant shall make a mirror image copy of the following data and tables within Defendant's databases and RCX product, access to which shall be provided to Plaintiffs' counsel and expert via a cloud account hosted with a cloud provider designated by Defendant (the "Cloud Server"):

    a. With regard to Defendant's "database" (as referenced in ECF No. 132 at pp. 22-23), Defendant shall make a mirror image copy of the full set of all data and tables regarding its Subscribers' requests for and/or access to public records.

    b. Defendant shall make a mirror image copy of the full set of all data and tables pertaining to Defendants' Subscribers' access to public records. Specifically, this would

include without limitation order-related data from Defendant's servers, and tables containing request logs, search data and settings, results data, billing data, and subject information.

   c. Prior to loading such data and tables (the "Server Data") into the Cloud Server, Plaintiffs' consulting expert, Jonathan Jaffe, shall consult with the appropriate personnel affiliated with Defendant to confirm the adequacy of the scope of data and tables to be loaded, in an effort to reach a determination as to the potential relevancy, or lack thereof, or certain tables and stored procedures.

   d. Defendant shall also provide all available Table Definitions and available Schema.

   e. Defendant shall work with Plaintiffs in good faith to address any issues that arise regarding the accessibility of the Server Data.

   2. Plaintiffs stipulate, and the Court finds, that the protocols set forth herein satisfy paragraphs A.d.1-2 and A.e.1 of the Discussion section of the Court's December 23, 2019 Memorandum Opinion (ECF No. 132 at pp. 18-25), paragraph 1 of the Court's January 7, 2020 Order (ECF No. 135), Plaintiffs' Request for Production No. 17, and Plaintiffs' Rule 34 Request to Inspect and Copy Nos. 1-4, without prejudice to Plaintiffs' ability to seek additional productions and inspections if Plaintiffs deem such to be warranted.

   3. The Cloud Server and the Server Data shall be designated as "Confidential and Proprietary Trade Secret Information," and access to it shall be treated as such in accordance with the Protective Order, and also subject to the additional restrictions that follow.

   4. The Cloud Server may only be accessed by an attorney for Plaintiffs in this case whose firm has entered an appearance as of the date of this Amended Protocol Oder, or a disclosed

and designated expert witness who has formally executed an agreement to be bound by the Protective Order.

5. The Cloud Server shall be treated by Plaintiffs in accordance with all applicable law and court orders.

6. No additional copies of the Cloud Server may be made by Plaintiffs. This will not apply to Server Data necessarily included in attorney work product generated by Plaintiffs' counsel for use in accordance with the Protective Order.

7. Any access to the Server Data is to be accomplished exclusively through the Cloud Server. The Cloud Server may not be imaged or uploaded by Plaintiffs to any electronic device or other medium. This will not apply to Server Data necessarily included in attorney work product generated by Plaintiffs' counsel for use in accordance with the Protective Order.

8. Defendant shall not access, view, or otherwise monitor Plaintiffs' use of the Cloud Server or Server Data, which the Parties have agreed is protected by the attorney-client privilege and/or work product doctrine. This includes Plaintiffs' access of the Cloud Server and Server Data, any search queries run by Plaintiffs' counsel or Plaintiffs' expert, and the results of any such queries, except as agreed to by the Parties, ordered by the Court, or required by applicable rules of civil procedure or of the Court.

9. Defendant shall not modify or remove any Server Data from the Cloud Server without seven (7) days' advance notice to Plaintiffs. Plaintiffs shall inform Defendant within five (5) days from the date of such notice of any concerns related to the modification or removal of Server Data. Defendant shall not modify or removal any Server Data until the Parties have met and conferred regarding Plaintiffs' concerns.

14603058v3

10. Within sixty (60) days after the conclusion of this litigation – by settlement, after the resolution of any and all appeals, or after the time period expires for the filing of any appeals: Plaintiffs shall cause the permanent deletion and destruction any and all copies of any Server Data or any portions thereof in their possession, custody, or control, other than attorney work product generated by Plaintiffs' counsel. Server Data in such attorney work product shall not be used after the conclusion of this litigation, nor during the litigation in conjunction with any purpose other than this litigation, and such attorney work product shall remain at all times governed by the Protective Order. Within three (3) days of any such destruction, Plaintiffs will submit written confirmation to the Court, with service upon counsel for Defendant, that all copies of any Server Data and any portions thereof have been permanently destroyed.

11. Nothing in this Amended Protocol Order shall prevent the Parties from using relevant information derived from the Cloud Server or from the Server Data in connection with the trial, hearings, depositions, motions, memoranda, or other proceedings in this action, provided that all such uses are in full compliance with the Protective Order, and provided that no such information shall be used in any other legal actions unless procured separately in those legal actions.

12. If the Parties reach a separate agreement stipulating to certain elements or facts, which agreement would obviate Plaintiffs' need for the relief set forth in this Amended Protocol Order, they will notify the Court within five days in lieu of performing the relief set forth herein.

13. The Amended Protocol Order shall supersede and replace the Protocol Order entered on January 15, 2020 (ECF No. 138).

It is so ORDERED.

/s/ R E P

Richmond, Virginia  
Date: February 3, 2020

Robert E. Payne  
Senior United States District Judge

14603058v3