UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF VIRGINIA
Richmond Division

OWEN SPENDLOVE and JACOB CROSS,
individually and as representatives of the
class,
    Plaintiffs

v.

RAPIDCOURT, LLC,

    Defendant.

Civil Action No. 3:18-cv-00856-REP

F I L E D
MAR 13 2020
CLERK, U.S. DISTRICT COURT
RICHMOND, VA

## ORDER

WHEREAS, Plaintiffs, Owen Spendlove and Jacob Cross (collectively, "Plaintiffs"), by counsel, have alleged in a Class Action Complaint, as amended (the "Class Action Complaint"), that Defendant RapidCourt, LLC ("RapidCourt") (Plaintiffs and RapidCourt shall be referred to collectively as the "Parties") failed to comply with certain legal requirements of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. (the "FCRA") in this action (the "Litigation"); and

WHEREAS, in the Litigation, RapidCourt contends its business and the RapidCourt Products are not governed by the FCRA in general, and 15 U.S.C. §§ 1681a(f) and 1681c in particular, and Plaintiffs contend RapidCourt and its products are so governed;

WHEREAS, this difference as to FCRA governance is the primary and dispositive disputed issue in this case; and

WHEREAS, at the end of 2019 and during the pendency of the Litigation, RapidCourt was sold to a third party (the "Affiliate") governed by the FCRA; and

WHEREAS, after the sale of RapidCourt, RapidCourt's new leadership has reviewed the allegations and claims in the Litigation and, while denying RapidCourt has violated any legal

requirements, including under the FCRA, RapidCourt's new leadership has agreed to the following changes in its processes and procedures in connection with the settlement reached between the Parties.

THEREFORE, pursuant to the agreement and consent of the Parties and for other good cause shown, the Court hereby ORDERS as follows:

1. RapidCourt agrees to treat RapidCourt's products, including existing RapidCourt products whether or not with different product names, as being governed by the FCRA as of six (6) months from the date of the entry of this Order (the "Implementation Date").

2. In the event that, during the time period covered by this Order, RapidCourt believes, in good faith and with substantial basis, that changes have occurred in federal or state law that substantively alter RapidCourt's obligations, in whole or in part, with respect to the agreements set out in this Order, RapidCourt shall provide advance written notice of any proposed changes to counsel for the Plaintiffs no less than thirty (30) days before implementing such change which is not in conformance with this Order. If Plaintiffs' counsel, acting in good faith, disagrees that the proposed change is consistent with the alleged changes to the law, or necessary to comply with such federal or state law, they shall within fifteen (15) days of receipt of notice of the changes, provide RapidCourt with written notice of any objections to the proposed changes and the reasons for same. Thereafter, RapidCourt may only implement the proposed changes above upon resolution of a petition filed in this Court, served on Plaintiffs' counsel. If Plaintiffs' counsel does not object as outlined above, RapidCourt shall be entitled to implement immediately the proposed change without need for further Orders of this Court.

3. This Order shall remain in effect for two years and six months after: (a) RapidCourt notifies the Court that the prescribed procedures in the Order have been implemented, or (b) the Implementation Date, whichever period is shorter (the "Termination Date").

4. Because RapidCourt has agreed to the entry of this Order to accomplish the objective of the present class litigation, Plaintiffs' counsel has similarly agreed, subject to Court approval pursuant to Va. R. Prof. Conduct. 5.6, comment 2, by entry of this Order, that, provided that RapidCourt complies with its terms, and during the time provided in the preceding paragraph, they shall not: (a) bring a future class or mass action claim(s) against RapidCourt or the Affiliate based on the conduct, allegations, and claims in the Class Action Complaint or the Litigation; or (b) affirmatively solicit future clients to bring such claims on an individual basis.

5. RapidCourt has agreed to pay certain attorney's fees, costs, and/or other out-of-pocket expenses incurred by Plaintiffs' counsel in prosecution of this this matter as a putative class action, including, but not limited to, their successful effort to obtain this Order that inures to the benefit of Plaintiffs as well as the putative class. Such attorney's fees and costs payment is being made by separate master settlement agreement between the Parties and Plaintiffs' counsel. No additional fees or costs are awarded.

6. The Parties shall conduct themselves in accordance with their agreements and understand that nothing in this Order shall represent an admission, acknowledgement or waiver by RapidCourt or the Affiliate that, for the time period before entry of this Order or the Implementation Date: (a) the FCRA governed RapidCourt's products with respect to any Putative Class Member; and (b) RapidCourt was a "consumer reporting agency" under the FCRA. The Parties further reserve all arguments for the period of time before this Order is entered by this Court and the Implementation Date.

7. No later than seven (7) months, and no earlier than six (6) months from entry of this Order, RapidCourt shall file a notice certifying that it has complied with this Order.

8. There shall be no bond posted in consideration of the nature of the Litigation and the terms of this Order.

9. Pursuant to *Kokkonen v. Guardian Life Insurance Co. of America*, 511 U.S. 375 (1994), this Court maintains jurisdiction of this matter for the purposes of enforcing this Order.

10. In all other regards, this matter is hereby dismissed with prejudice as to the Plaintiffs and dismissed without prejudice as to the putative class claims.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia

Date: March 13, 2020